193 So.2d 17 (1966)
Gaile MIKU, Appellant,
v.
Phillip W. OLMEN and Richard T. Olmen, Jointly and Severally, Appellees.
No. 285.
District Court of Appeal of Florida. Fourth District.
November 18, 1966.
Rehearing Denied December 9, 1966.
Maurice Fixel, Hollywood, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
TROWBRIDGE, C. PFEIFFER, Associate Judge.
The unsuccessful plaintiff appeals from a final judgment rendered upon a jury verdict *18 for defendant in a "rear-ender" negligence suit. We have examined all six points on appeal but find that only the first point has merit.
In the last moments of his closing argument, defendant's attorney stated to the jury:
"Now, I ask you, if you had been the unfortunate person who had slid into the rear end of that car, how would you want to be judged? All I ask you to do is bring back your verdict as you would want some jury to bring back a verdict for you."
Several sentences later defense counsel concluded and plaintiff's counsel immediately moved for a mistrial out of the presence of the jury. The motion was denied as was a subsequent motion for new trial.
The obvious problem here is whether these statements of the defense constituted an improper "Golden Rule" argument. When the matter was presented to the trial judge, the offending attorney remarked that the rule only applies to the plaintiff's case. We believe, however, that defendants should do unto plaintiffs as defendants would have plaintiffs do unto the defense. Matthew, Chap. 7, Verse 12. For those who prefer decisional authority, see Fisher v. Williams, 327 S.W.2d 256 (Mo. 1959); Stewart v. Boring, 312 S.W.2d 131 (Mo. 1958); and Kahn v. Green, 234 S.W.2d 131 (Tex.Civ.App. 1950).
In two cases the First District Court of Appeals has determined that the "Golden Rule" argument is improper. Bullock v. Branch, 130 So.2d 74 (Fla.App. 1961); Magid v. Mozo, 135 So.2d 772 (Fla.App. 1961). We will not attempt to gild the lustre of Judge Donald K. Carroll's opinion but will accept and adopt it as the view of this court.
Accordingly, two questions only remain: whether this was a "Golden Rule" argument and whether the plaintiff made sufficient and timely objection.
The defense here argues that the First District cases were based upon blatant and flagrant attempts to inflame the jury and to disturb them from their position of neutrality, whereas here counsel merely urged the jurors to base their deliberation upon the evidence and the law as they would want any jury in their community to do. Such a construction of the statements, while not wholly implausible, appears more as an afterthought than as an intended inference. If trial counsel had meant to convey such a thought, it could have been stated as clearly as appellate counsel has done in his brief.
In any event, the jury could reasonably have believed that reference was being made to their own financial responsibility as if they were defendants in such a case and this would be as prejudicial as reference to their pain and suffering should they be plaintiffs. The latter argument was held in Bullock to be so palpably inflammatory that, upon timely objection being made, the trial court should instruct the jury to disregard the remarks even in the absence of a motion to do so.
On the second point, while plaintiff's motion for a mistrial was not instantaneous, it did follow promptly. Plaintiff's counsel explained that he did not want to interrupt since he knew defense counsel was on the home stretch. The court apparently understood this as it remarked that it thought counsel was going to "come out of that chair." Again, Bullock requires action regardless of objection and no action was taken here even after the motion for mistrial was denied.
It may well be, as appellee argues, that this was a prime case for the defense and the not guilty verdict would have resulted notwithstanding the improper argument. Nevertheless, trial counsel "blew the bit" at the last minute and only a new trial will provide the answer.
Reversed.
ANDREWS, Acting C.J., and WALDEN, J., concur.