218 So.2d 491 (1969)
Opal Wade STEWART, Joined by Her Husband, John Stewart, Appellants,
v.
Inez COOK and Evert Douglas Phillips, a Minor, Appellees.
No. 1452.
District Court of Appeal of Florida. Fourth District.
February 12, 1969.
*492 Morton J. Perlin, of Varon, Stahl & Perlin, Hollywood, for appellants.
John I. Jacobson, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellees.
REED, Judge.
The appellants in this case, Opal Wade Stewart and her husband, John Stewart, were plaintiffs in the Circuit Court for Broward County, Florida. They have appealed from a final judgment entered on a jury verdict in favor of the defendants, Inez Cook and her minor son, Evert Douglas Phillips.
The complaint alleges that plaintiff Opal Wade Stewart was involved in an automobile accident on 22 January 1965 in Hollywood, Florida, as she drove an automobile owned by her husband and co-plaintiff in a westerly direction on NW 19th Court at its intersection with NW 68th Avenue. The complaint says that defendant Evert Douglas Phillips at that time and place operated a motor vehicle belonging to his mother and co-defendant in a negligent manner by entering the intersection from the north, by failing to stop at a stop sign which governed south bound traffic along NW 68th Avenue, and by failing to yield the right of way.
Defendant Evert Douglas Phillips testified that when he was 50 to 75 feet north of the intersection on NW 68th Avenue he saw the plaintiff's car approaching from the east. His speed was then fifteen miles per hour and there was a stop sign on NW 68th Avenue governing his entrance to the intersection. This defendant also testified that he had previously used the foot brake on the vehicle and it had worked satisfactorily. He stated that as he approached the intersection, the brakes on his vehicle failed. In order to avoid the accident he put the automobile in low gear and attempted to swerve around the Stewart vehicle without success. Although the defendant's vehicle was equipped with an emergency brake, he did not attempt to apply it.
Co-defendant Inez Cook testified that the automobile driven by her son at the time of the accident was in good condition before the accident. She stated that the brakes had been adjusted four days before the accident. An automobile appraiser testified that he examined the defendant's automobile after the accident and discovered a rupture in the brakeline over the rear axle which permitted brake fluid to escape.
In his closing argument, counsel for the defendants without objection by plaintiffs made the following comments to the jury:
"I am asking you to examine the facts. We can always say: There but for the grace of God, go I. It can happen any time. That is why we are here before you.

*493 * * * * * *
"As I say again, you examine it in the light of the circumstances. In the light of your own circumstances. All of us. Do we always check our brakes before we start out? I don't. I am sure you don't either. Maybe if we have had the experience, we will be checking from then on. Maybe Evert, in his Air Force position now, will know a little more than he did about it two years ago when he had this unfortunate accident.
* * * * * *
"* * * Would you and I expect that on our own cars, all things being equal, are we supposed to get out and look under it every time we go down to the grocery store?
This determination, as the Judge will tell you, is governed by your own common experience.
* * * * * *
"It is easy to say he should have done something else. But put yourselves in that situation. Within seconds you are approaching peril and you don't have brakes. What do you do? I don't know. None of us know."
Under Point I of their brief, the appellants argue that these comments constituted an improper "golden rule" argument, and that the trial court committed reversible error because it did not, on its own motion, instruct the jury to disregard the argument or, because of such argument, grant a post-trial motion for a new trial.
The leading case on the so-called golden rule argument is Bullock v. Branch, Fla. App. 1961, 130 So.2d 74. This case has been followed by Magid v. Mozo, Fla.App. 1961, 135 So.2d 772 and Miku v. Olmen, Fla. App. 1966, 193 So.2d 17. The type of argument condemned by those decisions in effect says to the jury:
"How much would you like to pay or receive if you were in the shoes of this defendant or plaintiff?"
Such an argument is pernicious for at least two reasons. It tends to inflame the jury by inviting it to become personally involved in the question of damages. Secondly, the argument diverts the jury's attention from the proper measure of damages.
The argument with which we are concerned had nothing to do with damages. It did, however, ask the jury to use its own conduct as a standard by which to measure the performance of the defendant driver. For this reason the argument may have exceeded a proper appeal to the jury to use its common sense and experience in evaluating the weight and credibility of the evidence and focused on an improper standard of care. The real question, however, is whether or not it was reversible error for the trial court to have failed to give a disregarding instruction on its own motion or, on account of such remarks, to have refused to grant a post-trial motion for new trial, where no objection was made at the time the remarks were uttered.
The duty of the trial court is stated in Baggett v. Davis, 1936, 124 Fla. 701, 169 So. 372. There the court said:
"`The law seems to be well settled that it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party. A verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy *494 their sinister influence, in which event a new trial should be awarded regardless of the want of objection or exception.'"
The Baggett decision has been followed in Tyus v. Apalachicola Northern Railroad Company, Fla. 1961, 130 So.2d 580, and cited with approval in Carlton v. Johns, Fla.App. 1967, 194 So.2d 670. In applying the rule of Baggett v. Davis, it appears to us that the remarks did not have the inflammatory quality of a true golden rule argument for the simple reason that they did not strike at that sensitive area of financial responsibility and hypothetically require the jury to consider how much it would wish to pay or receive if it were involved in a similar situation. For this reason, it is our view that the remarks were such that their prejudicial effect could have been overcome by a timely rebuke, retraction, or instruction. We, therefore, conclude that the verdict may not now be set aside because of such remarks.
After the jury initially went out it returned to ask the trial judge to instruct again on the effect of the violation of a traffic regulation. Pursuant to this request the judge reread an instruction dealing with prima facie negligence. The jury retired only to be brought back in again to hear the court reread another instruction, this time at the defendants' request. This instruction concerned the responsibility of the defendants for the operation of a vehicle with defective brakes. The appellants contend that the reiteration of the instruction not requested by the jury unduly emphasized the subject of the instruction. In our opinion the repetition of the instruction was a matter within the discretion of the trial court, and such action should not be reversed except upon a clear showing of abuse. In any event, it is our opinion that if such was error it was harmless in view of the overall adequacy of the charge to the jury. Section 59.041, F.S. 1967, F.S.A.
The appellants have raised two other points in their brief and the same have been thoroughly reviewed against the record on appeal and are not considered by this court to demonstrate reversible error.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
OWEN, J., and GOODING, MARION W., Associate Judge, concur.