WIGGINTON, Judge.
Plaintiffs have appealed a summary final judgment rendered in favor of defendants in an action for damages resulting from personal injuries arising out of the negligent operation of defendants’ motor vehicle.
In response to the complaint filed against them, defendants interposed several defenses including one of release. Attached to their answer is a copy of a written release executed by plaintiffs by which they agree to release and forever discharge defendants from any and all liability for the monetary consideration recited therein.
At a later stage of this proceeding plaintiffs filed a written motion for permission to file an amended complaint for the purpose of pleading to the affirmative defense of release interposed by defendants. No copy of the proposed amended complaint was attached to the motion, nor was the motion ever called up for hearing before the court or considered by the court prior to the rendition of the summary judgment appealed herein. Plaintiffs thereafter filed a motion for permission to file a reply to the affirmative defense of release contained in defendants’ answer. No copy of the proposed reply was attached to the motion, nor does the record indicate that this motion was ever called up for hearing or considered by the court prior to the rendition of the summary judgment.
It is appellants’ sole contention on this appeal that the court erred in failing to permit them to either file an amended complaint or a reply to the defense of release pleaded by defendants. There are several reasons why appellants may not prevail on the point they urge for reversal.
In the first place, the record affirmatively establishes that appellants failed to secure from the court a ruling on their several motions prior to the court’s consideration and disposition of defendants’ motion for summary judgment. The trial court can hardly be held in error for a ruling which it did not make.
Secondly, even had the trial court denied appellants’ motions to file an amended complaint or reply to the defense of release, such action would not justify reversal of the summary judgment. Rule 1.110(e), Rules of Civil Procedure, 30 F.S. A., provides:
“ . . . Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.”
*81 In his discussion of the rules of pleading on the point now under consideration, the author of Florida Jurisprudence says:
“Under the present rules, however, a reply is permissible in three cases only, namely, if it is ordered by the court, or if the answer contains a counterclaim or a cross-claim. Under this rule, a court may order the plaintiff to reply to an affirmative defense. And he is of course free to bring up new matter to meet the defendant’s answer at the trial notwithstanding the failure to plead such matter, the rules providing that averments in a pleading where no responsive pleading is permitted are deemed denied. In other words, a plaintiff may assert an affirmative defense to the defendant’s answer at the trial even though he did not specifically plead that defense in his complaint where he was not required to file a reply. . . ,”[1]
From the foregoing it would appear that although the court in its discretion might have permitted appellants to file a reply to the affirmative defense of release contained in appellees’ answer, the granting of such permission is discretionary and not mandatory. Even though no formal written reply was filed, appellants were privileged to introduce at the trial any evidence they hacl in avoidance of the release. If it could be said that the trial court erred in failing to consider and dispose of appellants’ motions prior to rendering summary judgment in the case, such error would be considered harmless under the circumstances.
Furthermore, we have carefully read and considered the averments contained in the motions, affidavits and depositions of appellants touching upon the release admittedly executed by them, the legal effect of which they now seek to avoid. We fail to find in the foregoing documents any assertions of fact which, if true, would be sufficient to avoid the binding legal effect of the release executed by them.[2] Because of this we are impelled to conclude that the trial court was correct in holding that there existed no genuine issue of any material fact with respect to the defense of release and the appellees were entitled to judgment as a matter of law.[3]
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. 25 Fla.Jur. 242, 243, Pleadings, § 84.

. Stonebraker v. Reliance Life Ins. Co. (1936), 123 Fla. 244, 166 So. 583.

.Holl v. Talcott (Fla.1966), 191 So.2d 40.