SPECTOR, Acting Chief Judge.
This appeal is taken from a final summary judgment in an action on the uninsured motorist coverage clause of an automobile policy issued to appellee Kilgore.
Appellant, Frank Buchanan, was a passenger in a car driven by appellee, Carl Kilgore, when it was involved in an accident with an uninsured automobile owned and operated by appellees, Areta Clinton and Robert Clinton, Jr., respectively. Appellant brought suit against the Clintons, Carl Kilgore and State Farm Mutual 'Insurance Company, the latter as the uninsured motorist insurer under Kilgore’s liability policy. Kilgore and State Farm filed their answer admitting that appellant was an insured under the uninsured motorist provision of the policy but interposed the affirmative defense of release.
Following the taking of depositions, State Farm filed its motion for summary judgment as to Count III of the complaint and as grounds therefor asserted the release that had been admittedly executed by appellant. Said motion was opposed by appellant’s affidavit by which he stated that he was never made aware of the uninsured motorist coverage under the Kilgore policy; that he never negotiated with anyone concerning the policy; that he signed the release to enable State Farm to reclaim the $604.60 that it had disbursed to him for hospital and doctor bills, lost wages and drugs which appellant had assumed were due him under the Kilgore policy medical pay and “automatic coverage” provisions, which sums were to be recovered by State Farm from the party responsible for the accident, presumably Clinton. Appellant further averred that shortly prior to receipt and execution by him of the release, which was entitled “Release and Trust Agreement”, State Farm’s claims adjuster had told him in a telephone conversation that his signature was needed merely for the purpose of subrogation with respect to the monies it had paid to appellant. Attached to appellant’s affidavit in opposition to appellee’s motion for summary judgment is a copy of the “Release and Trust Agreement” which is undated but signed and a copy of a letter dated March 28, 1968, from the claims adjuster forwarding the release form to be signed by appellant. The letter refers to drafts also enclosed therewith to cover the hospital, doctor and drug bills as well as lost, wages. The letter further states:
“ . . .1 am also enclosing the form which I discussed with you and showed to you during my most recent visit with you. This form is called a Release and Trust Agreement and allows us to take over your right to reclaim this item of *122 damages from the responsible party. . ” (Emphasis supplied)
Following hearing the matter the trial court granted State Farm’s motion for summary judgment as to Count III holding that there were no justiciable issues of fact concerning the movant’s defense of release.
Appellant raises several points for reversal contending that summary judgment is inappropriate where the release was ambiguous on its face; the release relied upon fails to state the entire understanding between the parties; and, lastly, where there is evidence that the release was obtained by fraud and misrepresentation as to its legal effect. We agree that summary judgment was inappropriate to the facts and circumstances reflected in the record before us and reverse.
The law is well settled that a summary judgment may be entered only where the movant has demonstrated that there are no genuine issues of material fact. In Ramagli Realty Company v. Speier, 110 So.2d 71, 73 (Fla.App.1959), the rule was stated to be that:
“The party moving for summary judgment has the burden of demonstrating to the court that the record is free from any genuine issue as to all material facts, thus entitling the movant to a judgment as a matter of law. This burden is strictly imposed by the courts to the extent that all inferences which could be drawn from the proofs will be indulged in favor of the non-moving party and against the movant.
* H* * * jH ‡
“ . . . the function of the trial judge upon a motion for summary judgment is not to try the issues of fact but to determine whether or not any genuine issue as to a material fact exists, and if such fact exists, then the motion for summary judgment should be denied. . . .”
Appellant correctly contends that the affidavit together with the exhibits attached thereto submitted by him in opposition to appellee’s motion is sufficient to demonstrate the existence of a justiciable issue of fact. The letter from the adjuster which tendered the release form contains language which tends to indicate the purpose and thus the legal effect of the release. The language of the letter recites the expenses for which the enclosed drafts were tendered (hospital, etc.) and then explains the purpose of the release to be “ . allows us to take over your right to reclaim this item of damages from the responsible party . . . ”. The quoted excerpt from the letter may be taken by the jury as evidence that the adjuster had obtained appellant’s signature on the release by misrepresenting the legal effect of the release to be only for the purpose of exercising its right of subrogation.
The rule applicable in this jurisdiction with respect to a plaintiff’s right to avoid the effect of a release by showing that it was procured by false representations was discussed in Florida East Coast Railway Company v. Thompson, 93 Fla. 30, 111 So. 525, at page 527 (1927), where the court said:
“A contract procured through fraud is never binding upon an innocent party thereto. As to him, such contract is voidable; as to the wrongdoer, it is void. If a party to a written release of liability for personal injuries was induced to sign it by false and fraudulent representations, either as to the nature or extent of his injuries or as to the contents, import, or legal effect of the release, and he himself innocently and justifiably relied upon such representations to his detriment and was guilty of no negligence in failing to ascertain the true facts, he is not bound by such release. . . . ”
In addition to the cited language of the adjuster’s cover letter, appellant’s affidavit states that the adjuster never told him that there even was such a thing as uninsured motorist coverage in Kilgore’s policy whereunder he could pursue his remedies against Clinton, the uninsured motorist. He further stated that the adjuster told him that his signature was necessary merely to assist State Farm in recovering the *123 monies paid to him from the parties at fault.
In our view, not only does there appear to be enough evidence to raise a jury issue on the question of whether the release was procured by concealment of the existence of the uninsured motorist coverage, but it seems rather conclusive that the legal effect of the release as. statr ed in the adjuster’s letter of transmittal was misrepresented in order to deceive appellant into executing the release relied' on by the appellee. This court gives legal effect to a release properly worded. and agreed upon when its execution is free from fraud and misrepresentation. See Coffman v. Kelly, 256 So.2d 79 (Fla.App.1972). However, where the legal effect of a release is represented to be more limited than the broader effect of the actual language of the release itself, then the release may be avoided. Florida East Coast Railway Company v. Thompson, supra.
Accordingly, the summary judgment reviewed herein is reversed.
JOHNSON and BOYER, JJ., concur.