347 So.2d 681 (1977)
Frederick KLEIN and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Robert C. HERRING and Pamela Herring, His Wife, Appellees.
No. 76-1495.
District Court of Appeal of Florida, Third District.
June 7, 1977.
Rehearing Denied July 27, 1977.
Talburt, Kubicki & Bradley and L. Kenneth Barnett and Robert J. Dickman, Miami, for appellants.
Alan Goldfarb, Miami, for appellees.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants Frederick Klein and his liability insurer, State Farm Mutual Automobile Insurance Company, appeal an order denying their motion for a new trial in this negligence action following the entry of a $20,000 final judgment in favor of plaintiff, Robert C. Herring, pursuant to a jury's verdict.
On January 25, 1975 Robert Herring sustained injuries when the motor vehicle he was operating was struck by a vehicle driven by Frederick Klein. As a result Herring instituted the instant negligence action seeking damages against Klein and his insurer, State Farm, which had issued a policy with limits of up to $10,000. Prior to commencement of the jury trial, Klein admitted liability and damages was the only issue considered by the jury. At the conclusion of trial, the jury returned a verdict for $20,000 in favor of Herring and final judgment was entered therefor. Appellants then filed a motion for new trial on the grounds that (1) the verdict is excessive and against the manifest weight of the evidence; (2) the jury was misled by the prejudicial remarks of counsel. After hearing argument of counsel, the trial court denied the motion. Defendants Klein and State Farm appeal the denial.
*682 Defendants first argue that plaintiff's counsel committed several "golden rule" violations and cite as examples the following remarks:
"Any of us would be frustrated and irritable if their spare time was taken away. I know how I would feel if that was taken away from me.[1]
* * * * * *
"Mr. Herring has had something that God has given to him taken away: a healthy, completely accident-free body. That is what he had. Something we all want. Something we all cherish."
* * * * * *
An argument that jurors should put themselves in the plaintiff's place, commonly known as the golden rule argument, is impermissible and constitutes reversible error. See Magid v. Mozo, 135 So.2d 772 (Fla.1st DCA 1962). For, as the court stated in Bullock v. Branch, 130 So.2d 74, 76 (Fla.1st DCA 1961):
"It is hard to conceive of anything that would more quickly destroy the structure of rules and principles which have been accepted by the courts as the standards for measuring damages in actions of law, than for the juries to award damages in accordance with the standard of what they themselves would want if they or a loved one had received the injuries suffered by a plaintiff. In some cases, indeed, many a juror would feel that all the money in the world could not compensate him for such an injury to himself or his wife or children. Such a notice as this  the identifying of the juror with a plaintiff's injuries  could hardly fail to result in injustice under our law, however profitable it might be deemed by many plaintiffs in personal injury suits."
The remarks of plaintiff's counsel, in effect, asked the jury to put itself in the place of the plaintiff and these prejudicial remarks mandate a new trial. Cf. Bullock, supra; Magid, supra; Miku v. Olmen, 193 So.2d 17 (Fla.4th DCA 1966).
Additionally, defendants argue that the statement of plaintiff's counsel set out below, in effect, informed the jury that the subject insurance policy will cover the amount of damages which plaintiff seeks to recover:
"Think about the resources and the ability that State Farm Insurance Company has."[2]
This statement made during closing argument was immediately followed by counsel's request to the jury to return a verdict for $35,000. The above remark followed by the request for a $35,000 verdict had the cumulative effect of misinforming the jury as to the actual amount of insurance coverage of which the jury should never be informed. See Peppe v. Clow, 307 So.2d 886 (Fla.3d DCA 1974).
Accordingly, the order denying motion for new trial is reversed and the cause remanded for a new trial on the issue of damages.
Reversed and remanded.
NOTES
[1] Objection was made to this remark, but no curative instruction was given.
[2] Again we note that although objection was made and sustained, no curative instruction was rendered.