354 So.2d 1213 (1978)
Thomas C. LeRETILLEY, Thomas M. LeRetilley and United Services Automobile Association, Appellants,
v.
Richard HARRIS, Jr., Appellee.
No. 76-2685.
District Court of Appeal of Florida, Fourth District.
January 4, 1978.
Rehearing Denied March 6, 1978.
Janis M. Halker of Gurney, Gurney & Handley, P.A., Orlando, for appellants.
Nolan Carter, Orlando, and Robert C. Matthias, Law Offices of Robert C. Matthias, P.A., Orlando, for appellee.
LETTS, Judge.
This is an appeal from a personal injury verdict for $225,000.00, the appellant contending that a "golden rule" argument was presented which constituted reversible error.
We affirm.
During final argument, the appellee's counsel included in his remarks the following examples:
"Wouldn't you, if your son was injured and you couldn't get some responses or if he has injuries you don't understand and nobody understands, the first thing you're going to want to know as a parent whether male or female, you're going to want to know, `What can I do for my son? What is the future going to hold for him?'"
* * * * * *
"I remember when I was a kid growing up hearing, `Walk a mile in my shoes.' I always thought about that in trying these kind of cases because you have got to in your own mind see what it's like. You've got to walk a mile in that man's shoes to *1214 see what the day is like when he gets up in the morning, what he's faced with. When you, a normal person, get up, you've got your hopes, all your aspirations, ambitions, you've got all the mental facilities that you have, and you've got 24 hours to spend and you can do anything you want to do; you can do something constructive, you can spend those 24 hours in bed asleep, you can do anything during that day that you want to do. You may have to price for it if you violate rules, but it's your 24 hours."[1]
* * * * * *
"What does he do on each day that he walks that mile? He knows today and tomorrow morning when he gets up, after you have rendered this verdict, he's going to go to work and he's going to know there is nothing he can do at work except be a helper... .
How is he going to break that routine? He has got to live with that. He can't because they gave him an 84 IQ. God gave him a 104 IQ. Their negligence gave him an 84 and he'd take it back. You could not give him enough money to sit here with an 84 IQ for the next 50 years."
* * * * * *
"His life expectancy from today is, his life expectancy is 70, so that he's got to look forward to getting up every morning and walking that mile with that 84 IQ knowing that the day holds the same thing for him and the day after that. How would you like to be on jury duty the rest of your life? I know when you got your call for jury trial, `Oh, can't you get me out of this?' Well, he's sentenced to this for the rest of his life and there's nothing he can do about it."
There is little doubt that the above represent an effort by counsel to have the jury put themselves in the shoes of the injured party and have the jurors personally identify themselves with the injuries. As such, they collectively constitute improper, so called, "golden rule" arguments. Klein v. Herring, 347 So.2d 681 (Fla. 3d DCA 1977); Stewart v. Cook, 218 So.2d 491 (Fla. 4th DCA 1969); Miku v. Olmen, 193 So.2d 17 (Fla. 4th DCA 1966); Bullock v. Branch, 130 So.2d 74 (Fla. 1st DCA 1961).
The difficulty in the case now before us, is whether these given arguments are reversible in the light of the inadequacy of the objection or outright absence of the same. Counsel for the appellant did object after the first of these quoted remarks was made, but no ruling was ever handed down thereon, nor was any further objection made to the remaining three excerpts and no curative instructions were sought.
There is a paucity of recent Florida cases concerning failure to secure a ruling on an objection. However, in Coffman v. Kelly, 256 So.2d 79 (Fla. 1st DCA 1972), the court held that failure to secure a ruling on a motion was fatal, noting "The trial court can hardly be held in error for a ruling which it did not make." Id. at 80. See also Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973). Moreover, the consensus, nationally, appears, likewise, to be that the objection is not preserved. 5 Am.Jur.2d, Appeal and Error, § 625 (1962); 88 A.L.R.2d 12; 1 Wigmore on Evidence, § 18(A)(4). However, see the criminal case of Thomas v. State, 202 So.2d 883 (Fla. 3d DCA 1967) where no ruling was made on an objection.
We choose to adopt the view that failure to secure a ruling on an objection waives it, unless the court deliberately and patently refuses to so rule. Obviously, if we now hold that the objection to the initial golden rule argument was not preserved, then, a fortiori, there can be no consideration, on this appeal of the subsequent golden rule remarks not even objected to, unless the error be fundamental. However, we would agree that there is normally no need to object repeatedly every time the same error is made providing the court has ruled thereon. McCullers v. State, 143 So.2d 909, *1215 913 (Fla. 1st DCA 1962); 1 Wigmore on Evidence, § 18(A)(4).
All this being so, we are lastly required to examine the law and decide if "golden rule" arguments constitute fundamental errors, reversible without objection. We find no Florida case that has tackled the issue head on, although there is dicta which would suggest that golden rule arguments may so constitute. Thus, the court in Stewart v. Cook, 218 So.2d 491 (Fla. 4th DCA 1969), held that statements such as:
1. "We can always say: `There but for the Grace of God, go I.'
2. In the light of your own circumstances. All of us. Do we always check our brakes before we start out? I don't. I am sure you don't either.
3. Would you and I expect that on our own cars, all things being equal, are we supposed to get out and look under it every time we go down to the grocery store?"
which were not objected to, "did not strike at that sensitive area of financial responsibility and hypothetically require the jury to consider how much it would wish to pay or receive." Id. at 494. Inferentially, however, we can assume that if the remarks had struck the sensitive area they would have been preserved regardless of lack of objection.
In the case at bar, several of the quoted excerpts do, most assuredly, strike at the "sensitive area" and accordingly under the Stewart dicta would constitute reversible error regardless of failure to object. We decline to follow this dicta and note that in the lead case on the golden rule, there was an overruled objection and the court merely noted that failure to ask for a curative instruction or make a motion to have the jury disregard it was not fatal, in view of the fact that an objection had been made. Bullock v. Branch, 130 So.2d 74, 77 (Fla. 1st DCA 1961).[2]
We note the language of the Florida Supreme Court in Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936) wherein the court said:
"A verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in which event a new trial should be awarded regardless of the want of objection or exception." Id. at 379.
In the case at bar we reject the argument that the remarks were of such sinister influence as to constitute irreparable and fundamental error. We have reviewed innumerable definitions of the phrase "fundamental error" and find the one that suits us best to be:
"A reviewing court may consider questions raised for the first time on appeal if necessary to serve the ends of substantial justice or prevent the denial of fundamental rights. This rule is peculiarly applicable in criminal cases and especially in capital cases."
5 Am.Jur., Appeal and Error, § 549.
We cannot see that the ends of substantial justice were thwarted in the case at bar. The improper remarks did not create the injuries, nor did they strike at the theory of the liability of the case. True, they (the remarks) may have caused the jury to become more personally involved on the issue of damages than they should have been but such is not so sinister as to constitute a denial of fundamental rights.
The other points on appeal are found to be without merit.
AFFIRMED.
ALDERMAN, C.J., and DOWNEY, J., concur.
NOTES
[1] The phrase "You may have to price for it" is assumed as a transcription error to mean "You may have to pay the price."
[2] One statement in Miku v. Olmen, supra, that "Bullock requires action regardless of objection." (emphasis supplied) was erroneous.