SMITH, Judge.
McCurley appeals from an adverse summary judgment dismissing his action against the owner, driver, and insurer of a vehicle which collided with McCurley’s vehicle. McCurley’s complaint sought to set aside, as having been obtained by fraud, a *69 complete release signed by McCurley and delivered to the insurer’s agent in' exchange for $2,000. The release recites that the payment was in full settlement of all claims, but McCurley testified the agent told him the payment and release were for his automobile damage alone, not for McCurley’s bodily injury. McCurley did not read the release and, if his testimony is taken as true, he apparently overlooked the recitation on the face of the draft that $700 of the payment was for “P. D.” and $1,300 was for “B. I.”
In reviewing the summary judgment dismissing McCurley’s claim, we must credit his testimony from which a jury could find the insurance agent falsely and fraudulently misrepresented the contents of the release. The record does not show sufficiently for a summary judgment that McCurley unjustifiably relied on the asserted misrepresentations or that McCurley was negligent in failing to ascertain the true facts. Florida East Coast Ry. Co. v. Thompson, 93 Fla. 30, 111 So. 525 (1927); Buchanan v. Clinton, 293 So.2d 120 (Fla. 1st DCA 1974); Bryant v. Small, 236 So.2d 150 (Fla. 3d DCA 1970). The movants did not demonstrate the absence of any material issue of fact.
REVERSED.
MILLS, Acting C. J., and ERVIN, J., concur.