426 So.2d 1156 (1983)
Louis TIESO, a Minor, by and through His Parents, Next Friends and Natural Guardians, Louis Tieso and Garciella Tieso, His Wife, Individually, Appellants,
v.
METROPOLITAN DADE COUNTY and William Kearse, Appellees.
No. 82-653.
District Court of Appeal of Florida, Third District.
February 8, 1983.
*1157 Abe Rosenberg and Fred Boruchov, Hollywood, for appellants.
Robert A. Ginsberg, Dade County Atty. and Addison J. Meyers, Asst. County Atty., for appellees.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We affirm the final judgment entered in favor of William Kearse, a bus driver who drove over appellant's foot, and Dade County, Kearse's employer. We find no merit in appellants' contention that during voir dire counsel for appellees employed a golden rule argument. Appellants' counsel asked the prospective jurors:
Does it bother you in any way that Dade County is being sued?
* * * * * *
Do any of you feel that your taxes are going to go up if Dade County has to pay a big judgment or a big verdict?
In response, counsel for appellees inquired:
MR. MEYERS: Mr. Bradshaw, I believe you indicated that you worked for Dade County. I am a little concerned about that. Do you understand that the County is a defendant here, and because you work for the County, are you going to be in any way influenced in not returning a verdict against Dade County if the plaintiff, Mr. Rosenberg, proves his case against Dade County?
MR. BRADSHAW: No.
MR. MEYERS: You seem to hesitate about that a little bit. You don't feel that you would be able to sit as an impartial juror and just base it solely on the evidence?
MR. BRADSHAW: I could do it, but I guess it would depend.
MR. MEYERS: Well, we all understand that everyone sitting here has an interest in the County. We are all citizens of Dade County. Do you feel that your interest extends even further because you are employed by the County?
MR. BRADSHAW: Well, I really don't know.
Appellants assert that counsel's reference to Dade County constituted a golden rule argument and requires reversal even though appellants failed to object.
A golden rule argument asks a jury to place itself in the position of the litigant. In our view, the challenged comments, made in response to questioning by counsel for appellants, were not impermissible golden rule statements. Stewart v. Cook, 218 So.2d 491 (Fla. 4th DCA 1969); Miku v. Olmen, 193 So.2d 17 (Fla. 4th DCA 1966); Bullock v. Branch, 130 So.2d 74 (Fla. 1st DCA 1961). In any event, an objection is required to challenge a golden rule argument, Le Retilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978); appellant did not object.
*1158 Next, appellants contend that we must reverse because the trial court permitted defense counsel to inform the jury during voir dire that Kearse was uninsured. We agree that it is generally inadvisable to present evidence of non-insurance to the jury. Daniel v. Rogers, 72 So.2d 391 (Fla. 1954); see Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971) (to reveal amount of defendants' insurance coverage would allow defendants to disclose minimal limits when advantageous); Beta Eta House Corp. v. Gregory, 237 So.2d 163 (Fla. 1970) (existence or amount of insurance coverage has no bearing on issues of liability and damages, and such evidence should not be considered by the jury). However, we find an exception here. Defense counsel was merely clarifying a statement by a venireman who had expressed a belief, based on his own experience, that Kearse's personal assets would not be placed in jeopardy by the litigation. Kearse's counsel questioned the prospective juror to determine whether he understood that Kearse's position differed from that of the prospective juror. Furthermore, although appellant objected to the inquiry, he failed to obtain a ruling from the court. Thus, if error existed, it was not preserved. We note that appellants did not avail themselves of the opportunity to request that questioning with regard to insurance be conducted outside the presence of other potential jurors. We hold that under these circumstances, the explanation given to correct the juror's misunderstanding did not constitute error.
Finding no reversible error presented in the points discussed or in the remaining contention, we affirm.
DANIEL S. PEARSON, Judge, concurring.
I write separately only to record my view, as I have before, see Tacoronte v. State, 419 So.2d 789 (Fla. 3d DCA 1982) (Pearson, J., dissenting), that simply because counsel for a party has some basis to ask one prospective juror about matters which would otherwise be improper, that does not justify the inquiry being made before the remaining prospective jurors. Thus, in the present case, had the appellant requested that the individual juror be separated from the remainder of the prospective jurors for further interrogation, and had that request been denied, I would vote to reverse.