510 So.2d 602 (1987)
Mark C. SHAFFER, Appellant,
v.
Wayne WARD, et al., Appellees.
No. 86-1065.
District Court of Appeal of Florida, Fifth District.
April 30, 1987.
William Patrick Fulford and David K. Wittek of Wright and Fulford, P.A., Orlando, for appellant.
R. David Ayers, Jr., Winter Park, for appellees.
COBB, Judge.
The issue in this appeal is whether the trial court properly granted appellee/plaintiff, Wayne Ward, a new trial based on what the trial court deemed an improper "Golden Rule" argument by counsel for defendant/appellant, Mark Shaffer.
The portion of the argument found improper by the trial court is specifically set forth in its order, as follows:
You all drive, you're on the road, you know how far you can see when you drive. You know the importance of brake lights and how that assists you. And you watch and see brake lights come on and you start braking. You also know if you have a sudden stop or unexpected stop in front of you, it puts you in a position where you maybe might hit the car in front of you.
I think everyone has had a close call because of what happened in front of them. And it wasn't a close call because you were negligent or not paying attention, it was a close call because the car in front of you unexpectantly [sic] stopped, stopped with no warning.
No objection was made by plaintiff's counsel to these comments. The trial court determined that the defendant's counsel's closing argument constituted a "Golden Rule" argument, warranting a new trial on all issues for the plaintiffs. In fact, the court found that the "Golden Rule" violation was a "fundamental error notwithstanding that the plaintiff's counsel made no objection at the time, as the same were not capable of cure by instruction and rebuke."
*603 The "Golden Rule" argument urges the jury to place themselves in a party's position to allow recovery as they would want were they the party. To be impermissible, the argument must strike at that sensitive area of financial responsibility and hypothetically request the jury to consider how much they would wish to receive in a similar situation.[1]Stewart v. Cook, 218 So.2d 491 (Fla. 4th DCA 1969); Seaboard Coastline Railroad Co. v. Addison, 481 So.2d 3 (Fla. 1st DCA 1985), disapproved on other grounds, 502 So.2d 1241 (Fla. 1987). Such an argument is improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias, rather than on the evidence. Schreidell v. Shoter, 500 So.2d 228 (Fla. 3d DCA 1986). See also Bullock v. Branch, 130 So.2d 74 (Fla. 1st DCA 1961).
The unobjected-to comments made by defendant's counsel in this case were not in any way directed to damages. Rather, as indicated by counsel in his statements immediately prior to the comments cited by the trial court, they were an attempt to ask the jury to use their common, everyday experience in deciding the case. As such, the comments do not constitute a "Golden Rule" argument and the trial court improperly granted a new trial on this basis. Additionally, even if we considered the comments improper, they certainly do not constitute fundamental error by being of such a character that "neither rebuke nor retraction may entirely destroy their sinister influence." Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936). See also Stewart v. Cook, 218 So.2d 491 (Fla. 4th DCA 1969); LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla. 1978).
Accordingly, the order entered below is reversed and the cause remanded for entry of judgment for the defendant in accordance with the jury verdict.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] While the objection frequently occurs during the plaintiff's case, the defendant is also prohibited from such arguments. As the court in Miku v. Olmen, 193 So.2d 17 (Fla. 4th DCA 1966), cert. denied, 201 So.2d 232 (Fla. 1967), stated:

... We believe, however, that defendants should do unto plaintiffs as defendants would have plaintiffs do unto the defense.
193 So.2d at 18.