520 So.2d 653 (1988)
CORAL GABLES HOSPITAL, INC., Appellant,
v.
Jose S. ZABALA and Grizell Zabala, His Wife, Appellees.
No. 86-2827.
District Court of Appeal of Florida, Third District.
February 23, 1988.
Parenti & Falk and Glenn P. Falk and Hayes G. Wood and Norman M. Waas, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold Ginsberg; David Finger, Miami, for appellees.
Before BARKDULL, HENDRY and FERGUSON, JJ.
PER CURIAM.
Coral Gables Hospital brings this appeal from an adverse judgment in a medical malpractice action. The hospital contends that counsel for the plaintiffs made a highly prejudicial "golden rule" argument which caused the jury to return an excessive verdict.
Mr. Zabala was admitted to Coral Gables Hospital complaining of fever and general malaise. The attending physician ordered intravenous feeding (IV) to facilitate the patient's intake of vital nutrients. Hospital employees' negligent failure to change the IV needle within forty-eight hours, as required by hospital procedures, caused an infection at the insertion site. On discovering the infection the treating physician administered antibiotics. Mr. Zabala recovered fully within ten days with no permanent injury. The Zabalas sued the hospital obtaining a jury award of $125,000 for pain and suffering.
In closing argument the plaintiffs' attorney asked the jurors, in effect, to place themselves in the plaintiffs' position and urged them to award an amount of money they would desire if they had been the victims. The remark was an improper "golden rule" argument  an attempt to undermine the neutrality of the jury by asking its members to identify with the plaintiff and make a determination from a personal perspective. Reversal is often required in the face of such an argument, National Car Rental Sys., Inc. v. Bostic, 423 So.2d 915 (Fla. 3d DCA 1982) ("golden rule" violation constitutes reversible error), rev. denied, 436 So.2d 97 (Fla. 1983); Klein *654 v. Herring, 347 So.2d 681 (Fla. 3d DCA 1977) (prejudicial remarks asking jury to put itself in plaintiffs' position mandate new trial), and is required in this case.
Reversed and remanded for a new trial on damages only.