COBB, Judge.
Appellees, James J. Ruane and James P. Ruane (father and son), sued the appellant, Frank LoCastro, for damages incurred as a result of renovations they made to LoCas-tro’s restaurant building. On appeal, Lo-Castro challenges the jury verdict for $28,-000 for James P. Ruane on the basis that it was improperly predicated upon guesswork and speculation.[1]
*501 LoCastro argues that despite James P. Ruane’s testimony at trial and deposition that he had receipts and cancelled checks to prove all of his expenditures during renovation, the total amount of the documentation introduced into evidence was only $6,424.11. Ruane contends the verdict is proper, based on his testimony at trial that he started into the renovation project with more than $28,000, and was essentially out of funds (some $500 to $600 was left) when it was complete. Ruane’s analysis, however, cannot serve as proof of legal damages recoverable in court.
We agree with LoCastro that the damage evidence, over and above the total amount of the documentary evidence, was vague and speculative. No evidence whatsoever was presented at trial pertaining to any individual item of services or materials other than that pertaining to the $6,424. No expert witness even estimated the cost or value of such items; for that matter, neither did either one of the Ruanes or any of their lay witnesses. Other than the can-celled checks and receipts, there is no way to tell from the instant record what work the Ruanes claim to have done on the property, and yet, the Ruanes both testified that their expenditures were represented by the receipts and cancelled checks which were produced at trial. Evidence must be presented to establish a definite amount of damages. An award cannot be based on speculation or conjecture. See Florida Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla.1953); Van Der Noord v. Katz, 481 So.2d 1228 (Fla. 5th DCA 1985); George Hunt, Inc. v. Dorsey Young Construction, Inc., 385 So.2d 732 (Fla. 4th DCA 1980).
We reverse the $28,000 judgment and remand with directions that the trial judge grant a new trial on the issue of damages as requested by the appellant. LoCastro’s claim that an improper “Golden Rule” argument was made to the jury is without merit. See Shaffer v. Ward, 510 So.2d 602 (Fla. 5th DCA 1987).
REVERSED and REMANDED.
ORFINGER, J., and UPCHURCH, F.D., Jr., Associate Judge, concur.

. The jury returned a $1.00 verdict for James J. Ruane. This award is not at issue on this appeal.