PER CURIAM.
This is an appeal by the former husband Arch L. Propps from a final judgment of dissolution of marriage in which three points on appeal are raised. We find no merit in any of these points and affirm.
First, we conclude that the trial court did not, as urged, commit reversible error in admitting in evidence the testimony of all the witnesses and exhibits offered at trial by the former wife Mercedes B. Propps despite the husband’s initial objection based on the wife’s failure to comply with the trial court’s pretrial order concerning the disclosure of witnesses and exhibits to be used at trial. This is so because the point has not been properly preserved for appellate review. Although the former husband objected to the complained-of evidence when introduced, the trial court reserved ruling thereon; thereafter, the former husband never sought a ruling on his objection and the matter was never again discussed at trial. This being so, it is plain that the former husband, in effect, abandoned his objection to the subject evidence and has waived the point for appellate review. Schreidell v. State, 500 So.2d 228, 233 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 299 (Fla.1987); Tieso v. Metropolitan Dade County, 426 So.2d 1156, 1158 (Fla. 3d DCA), rev. denied, 440 So.2d 353 (Fla.1983); Le Retilley v. Harris, 354 So.2d 1213, 1214 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla.1978).
Second, we conclude that the trial court did not commit reversible error in awarding one half of the GNMA security investment to the former wife as this security was placed in a joint account by the former husband and thus constituted marital property subject to equitable distribution. Third, we conclude that no abuse of discretion is shown in the trial court’s award of periodic alimony, lump sum alimony, and distribution of marital assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976).
The final judgment of dissolution of marriage is therefore, in all respects,
Affirmed.