FARMER, Judge.
We reverse a summary judgment in this slip and fall case and remand for a trial on the issues.
The summary judgment is based on a release given by plaintiff in exchange for the payment of some initial medical bills totaling $288. In an avoidance of the release, plaintiff claimed that it was procured through fraud by Publix or unilateral mistake on her part. In her deposition testimony and affidavit opposing the summary judgment, she testified that Publix told her to go to one of their stores to receive reimbursement of medical bills after she suffered a fall in a Publix store and sign a “receipt” for such *1257 payment; that it pertained only to the money paid; that, although she had some study of English at a university in her native country of Brazil, she has trouble reading English; and that she tried to read it but had difficulty understanding the document. An affidavit from a Publix employee denied that the document was ever described as a receipt or that it represented a release only as to the $288.
Under Florida law, a release may be set aside where it was obtained by fraud. Florida East Coast Railway Co. v. Thompson, 93 Fla. 30, 111 So. 525 (1927); Henson v. James M. Barker Co., 555 So.2d 901 (Fla. 1st DCA), rev. denied, 564 So.2d 487 (Fla.1990).[1] As the court said in Thompson:
“A contract procured through fraud is never binding upon an innocent party thereto. As to him, such contract is voidable; as to the wrongdoer, it is void. If a party to a written release of liability for personal injuries was induced to sign it by false and fraudulent representations, either as to the nature or extent of his injuries or as to the contents, import, or legal effect of the release, and he himself innocently and justifiably relied upon such representations to his detriment and was guilty of no negligence in failing to ascertain the true facts, he is not bound by such release.” [e.s.]
Ill So. at 527.
In Buchanan v. Clinton, 293 So.2d 120 (Fla. 1st DCA 1974), a claimant sought to avoid a release on grounds similar to those claimed here, namely that the releasee misrepresented the import of the document and its legal effect. In that case, the adjustor wrote in a cover letter transmitting the document to the releasor that the release “allows us to take over your right to reclaim this item of damages from the responsible party.” 293 So.2d at 121-122. In reversing a summary judgment for the releasee, Judge Spec-tor wrote: “where the legal effect of a release is represented to be more limited than the broader effect of the actual language of the release itself, then the release may be avoided.” 293 So.2d at 123.
We see much the same idea here. The plaintiff testified by deposition and affidavit that the Publix employee handling the transaction represented that the release was a receipt for the funds paid. That is certainly a representation as to the “contents, import, or legal effect” of the release within the meaning of Thompson which, if believed by a jury, would be sufficient to avoid it. We stress that ours is a summary judgment determination, i.e. that the moving party failed to carry its burden to show the absence of triable issues, not an expression on the merits of the claim.
REVERSED.
HERSEY and STEVENSON, JJ„ concur.

. There is also authority that a release may, in a proper case, be rescinded on the grounds of a unilateral mistake of fact. Henson; see also Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla.1965).