PER CURIAM.
Lisa Renae Savage-Meyers (the former wife) appeals a temporary order establishing at $783 per month the temporary child support obligations of appellee, Patrick Michael Meyers. We have jurisdiction pursuant to rule 9.130(3)(C)(iii), Florida Rules of Appellate Procedure. The former wife contends that the appellee’s support obligations for the parties’ two children should be substantially higher based on the parties’ respective incomes and the cost of child care. The former wife has failed, however, to provide a record that includes the evidence on which her arguments are based. As the Florida Supreme Court has explained in Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1980):
In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.
[[Image here]]
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. ...
Because the appellant failed to provide a record by which this court could review the ruling of the trial court, we affirm.
AFFIRMED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.