PER CURIAM.
Kimberly Shea Tebrugge appeals an order entered after final judgment of dissolution which determined various issues relating to visitation, contempt and enforcement of the final judgment. Appellant argues that the trial court erred (i) in ruling that the amendment to the settlement agreement, which amendment appellant and appellee, David Gregory Eastman, entered into at a hearing *1167 before the trial court on January 21, 1997, was effective as of December 1,1996; and (ii) in failing to award appellant attorney’s fees.
The amendment agreement expressly provides that the appellee’s obligation to pay $275 per month to appellant was extinguished “commencing December 1, 1996....” The record reflects that appellant failed to object below to a December 1, 1996 effective date and failed to argue below that the amendment agreement should not be deemed effective as of December 1, 1996. Thus, we conclude that the appellant’s first issue has not been preserved for appellate review. See Propps v. Propps, 547 So.2d 1264 (Fla. 3d DCA 1989).
With respect to the attorney’s fees issue, the record on appeal fails to include a copy of the motion for attorney’s fees or any transcript of the hearing at which the financial resources of the parties and the other facts and argument supporting any such fees were presented for evaluation by the trial court. Thus, the record before us is inadequate for appellate review on this issue. See Savage-Meyers v. Meyers, 690 So.2d 636 (Fla. 1st DCA 1997); Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).
Finding no reversible error, we AFFIRM.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.