# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1890
Lower Tribunal No. 20-24242
_____

**Homeowners Choice Property & Casualty Insurance Company,**
Appellant,

vs.

**Deborah Albury,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Russo Appellate Firm, P.A. and Elizabeth K. Russo, for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, Paul B. Feltman, Quintana Law, P.A., and Brittany Quintana Marti, for appellee.

Before LINDSEY, MILLER, and GORDO, JJ.

MILLER, J.

Appellant, Homeowners Choice Property & Casualty Insurance Company, the insurer, appeals from a final judgment rendered following a jury verdict in favor of appellee, Deborah Albury, the insured. On appeal, the insurer contends the insured's counsel violated the "golden rule" in closing argument when he urged the jurors to use their common sense and recall the destruction caused by Hurricane Irma in considering the persuasiveness of the insurer's expert testimony. While it is a longstanding tenet that arguments "suggest[ing] to jurors that they put themselves in the shoes of one of the parties" are improper because they encourage "the jurors to decide the case on the basis of personal interest and bias rather than on the evidence," Metro. Dade Cnty. v. Zapata, 601 So. 2d 239, 241 (Fla. 3d DCA 1992), it is equally established that "calling upon the personal experience of the jurors . . . is not asking them to place themselves in the position of the [litigant]," Grushoff v. Denny's, Inc., 693 So. 2d 1068, 1069 (Fla. 4th DCA 1997).[1] Further, jurors are not "bound to accept the opinion of [one side]'s expert witness[], but ha[ve] a right to use their own common sense and

---

[1] See also Shaffer v. Ward, 510 So. 2d 602, 603 (Fla. 5th DCA 1987) ("The unobjected-to comments made by defendant's counsel in this case were not in any way directed to damages. Rather, as indicated by counsel in his statements immediately prior to the comments cited by the trial court, they were an attempt to ask the jury to use their common, everyday experience in deciding the case.").

experience and to draw all reasonable inferences from the physical facts and occurrences."  See Behm v. Div. of Admin., State Dep't of Transp., 292 So. 2d 437, 440 (Fla. 4th DCA 1974) (quoting Seaboard Sur. Co. v. First Nat'l Bank of Montgomery, 263 F.2d 868, 871 (5th Cir. 1959)).[2]  We therefore reject the assertion that the argument was so highly prejudicial and inflammatory that the trial court abused its discretion in denying the motion for mistrial and affirm the order under review.

Affirmed.

---

[2] See also Robertson v. Robertson, 106 So. 2d 590, 593 (Fla. 2d DCA 1958) ("It is within the province of the trier of fact . . . to accept such statements of opinion or to reject such as his discretion may direct and in no instance would he be required to look to such as more than a guide in arriving at a conclusion."); cf. Evors v. Bryan, 81 So. 513, 513 (Fla. 1919) ("It is well settled that the opinion evidence of expert witnesses as to the value of an attorney's services is not conclusive, nor is it binding either on the court or on the jury.").