467 So.2d 370 (1985)
TRI-COUNTY TRUSS COMPANY, etc., et al., Appellants,
v.
Joe Donald LEONARD, Jr., Appellee.
No. 83-913.
District Court of Appeal of Florida, Fourth District.
March 20, 1985.
Rehearing Denied May 2, 1985.
*371 Wiederhold, Moss & Bulfin, P.A., West Palm Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellee.
RODGERS, EDWARD, Associate Judge.
Appellant, Tri-County Truss Company, appeals from a final judgment entered upon a jury verdict in favor of appellee, Joe Donald Leonard, Jr., for injuries sustained in a fall by Leonard when a truss, manufactured by Tri-County and being installed by Leonard, broke.
Leonard sued Tri-County Truss Company in separate counts for negligence, strict liability, and implied warranty. Tri-County alleged comparative negligence as an affirmative defense. The trial court directed a verdict against Tri-County on its comparative negligence defense as it applied to Leonard's strict liability claim but left the defense intact as to the negligence claim. Subsequently, the jury returned a verdict in favor of Leonard on the strict liability count. The jury also found for Leonard and against Tri-County on the negligence count, but found that Leonard was 10 percent comparatively negligent. Total damages were assessed in the amount of $240,000.00.
Several points were raised on appeal, the first being whether the trial court erred in granting a directed verdict on the comparative negligence defense as to the strict liability claim. In West v. Caterpillar Tractor Company, 336 So.2d 80 (Fla. 1976), the court, while indicating that the defense of comparative negligence could generally be applied to a strict liability claim, held that any negligence of a plaintiff in failing to discover a defect or guard against the possibility of its existence is not a defense to strict liability. Tri-County correctly notes that lack of ordinary care which proximately contributes to a plaintiff's injuries by intentionally assuming the risks of a known danger or misusing the product are all proper defenses to strict liability. In our view, however, there was no evidence presented to support any claim of misuse of the product, assumption of a known risk, or other misconduct permitted by West to be asserted as a defense to a strict liability claim. At best the defense offered speculation of safer methods of working on the trusses. A safer method is always easier to find based upon a failed experience. We find no error in the trial court's action on this issue.
The second point raised is that the trial court erred in failing to reduce Leonard's damage award by 10 percent based upon the degree of his comparative negligence. Obviously, since the court had directed a verdict that struck any affirmative defenses to the strict liability count, and since the jury found for Leonard on the strict liability, the court properly entered the judgment for the total amount of damages, $240,000.00. These damages would be reduced only if the jury had found for Tri-County on the strict liability claim.
*372 The third point concerns an allegedly improper "Golden Rule" argument by Leonard's counsel during closing arguments. The trial court overruled an objection to the argument and later observed at a hearing on a motion for new trial: "I made the ruling at that time based upon the way I perceived that the argument was progressing." We find no reversible error in the trial court's handling of the issue. This court certainly could not conjure up from the record the perceptions of the trial judge at that instant. We therefore yield to his superior vantage point to evaluate the comment and its potentially harmful impact. We also find no reversible error in the trial court's denial of Tri-County's post-trial motion to interview the jurors. See Kasper Instruments, Inc. v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981).
The final judgment of the trial court is affirmed.
ANSTEAD, C.J., and DOWNEY, J., concur.