515 So.2d 176 (1987)
Clarence Edward HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 68706.
Supreme Court of Florida.
September 17, 1987.
Rehearings Denied December 8, 1987.
*177 Steven L. Bolotin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is a direct appeal from a resentencing in a capital case. We previously affirmed the conviction, but reversed the imposition of the death sentence, requiring a new sentencing proceeding before a new jury. Hill v. State, 477 So.2d 553 (Fla. 1985). In this resentencing proceeding, the jury recommended, and the trial judge imposed, the death sentence. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm the sentence.
The facts relevant to this sentencing proceeding reflect that on October 19, 1982, appellant and his accomplice, Cliff Jackson, stole a pistol and an automobile in Mobile, Alabama. Later that day, appellant and Jackson drove to Pensacola and robbed a savings and loan association at gunpoint. The police arrived during the robbery and, upon their arrival, appellant fled the savings and loan building through a back door. Jackson exited through the front door, where he was apprehended by police. Appellant approached two police officers from behind as they attempted to handcuff Jackson, and shot the officers, killing one and wounding the other. By an eleven-to-one vote, the resentencing jury recommended the death sentence. The judge, in reimposing the death sentence, found the following statutory aggravating circumstances: (1) the defendant had previously been convicted of another capital offense or violent felony; (2) the defendant knowingly created a great risk of harm or death to many persons; (3) the murder was committed while the defendant was engaged in the commission of a robbery; (4) the murder was committed for the purpose of avoiding or preventing a lawful arrest or escaping from custody; and (5) the murder was cold, calculated, and premeditated. In mitigation, the judge found the appellant's age as a possible factor. Appellant's age at the time of the offense was twenty-three years.
In this appeal, appellant contends the trial court erred by: (1) allowing the state to introduce irrelevant collateral crime evidence; (2) excluding certain testimony concerning appellant's family background and a defense witness's health problems; (3) refusing to instruct the jury on the statutory mitigating circumstance that defendant acted under extreme duress or under the substantial domination of another person; (4) disclosing to the new penalty jury the original jury's premeditation finding; (5) finding the homicide cold, calculated, and premeditated, and (6) permitting prosecutorial misconduct which denied appellant a fair trial.
With regard to the first contention, Hill asserts that evidence of the theft of the car and pistol in Mobile, Alabama, was irrelevant collateral crime evidence to the robbery/murder at the savings and loan association in Pensacola. We note that both the car and pistol were utilized in this offense and their acquisition was part of a series of events culminating in the crimes for which appellant has been convicted. We rejected this claim in appellant's prior appeal and we refuse to address it in these proceedings.
In his second point, Hill claims the trial judge erred by excluding certain allegedly mitigating testimony concerning his background and character. The record reflects that five persons, including Hill's mother and father, testified as character *178 witnesses for the defense. The judge refused to permit appellant's mother to testify that she cared for appellant's cousins, as well as her own children. Similarly, the judge declined to allow defense counsel to question appellant's father regarding his own ill health and past job responsibilities. In our view, the excluded evidence focused substantially more on the witnesses's character than on appellant's. There has been no showing that the trial judge abused his discretion in excluding the testimony and we find no violation of the United States Supreme Court's recent decision in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), or Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), or Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).
The third claim concerns the trial judge's refusal to instruct the jury on the statutory mitigating circumstance that Hill was acting under extreme duress or under the substantial domination of another person when he shot the arresting police officer. In support of the claim, Hill argues that his codefendant, Jackson, suggested the bank robbery, purchased the sunglasses for disguise, and directed actions during the crime. According to Hill, Jackson was the leader in the bungled robbery. We disagree. The unrefuted facts in this record establish that, when the twenty-three-year-old Hill and the eighteen-year-old Jackson entered the bank, Hill was armed and Jackson was not. Hill did most of the talking, demanded money, and threatened that he would "blow some brains out." Hill also physically abused a bank teller by kicking him and pulling him by the hair while he lay on the floor. Finally, Hill chose to help Jackson rather than utilize his opportunity to escape, and later testified that neither he nor Jackson was a leader, claiming, "We did it together." Clearly, under these circumstances, we find the "substantial domination" mitigating factor does not apply.
We summarily reject Hill's fourth claim that the trial judge impermissibly disclosed to the new penalty jury the original jury's finding that the homicide was premeditated. We previously affirmed appellant's premeditated first-degree murder conviction against the various challenges presented in that proceeding, and its introduction during this resentencing phase was essential for the jury to carry out its responsibility.
As to Hill's fifth claim, we must again, as we did in his first appeal, address the claim of prosecutorial misconduct in the final argument to the jury. Specifically, the prosecutor, during closing argument, stated to the jury:
I want to end with this, if I can have one minute to tell you this. The more things change, the more they stay the same. And in America things haven't changed. Processes have changed a lot, but things are still the same. One hundred and fifty years ago if the defendant left a town and stole a horse to come over to Pensacola, some desperado robbing a woman of her horse and he rode over here with a companion, and they robbed a bank in the main street of the town, and they were seen by hundreds of people, not hundreds of people, but many people in the main street of town, and the deputy sheriff came up to arrest the defendant's buddy, and the defendant shot the deputy in the back, they would have strung him up from the nearest tree that day.
Now, the process has changed. He now has a jury trial. It's now taking years to do it, but things still remain the same. The crime calls for the sternest punishment for killing the deputy. He must hang from a tree. We're more merciful now. We'll shock him until he's dead. But that is the sentence that is appropriate in this case under the law. Thank you.
We conclude, given the total circumstances of this case, that these comments did not deprive the appellant of a fair sentencing hearing, and that they constitute harmless error. The comments were, in our view, ill-advised, and, in another context and factual situation, could result in harmful error. The trial courts of this state must accept more responsibility for controlling prosecutorial comments. The purpose of closing argument is to help the jury understand the issues by applying the evidence to the law applicable to the case. The statements made by the prosecutor in this case are clearly unrelated to that purpose. We caution that failure to eliminate unjustified prosecutorial comments wastes valuable resources. Prosecutors may be walking a dangerous line that could result in a defendant's release from custody should the prosecutorial misconduct be deemed intentional, resulting in the application of the double jeopardy clause.
*179 In his fifth point, Hill challenges the trial court's finding that the murder was cold, calculated, and premeditated, arguing that the evidence does not demonstrate a "heightened degree of premeditation, calculation or planning." The evidence indicates that appellant's actions were committed while attempting to escape from a hopelessly bungled robbery. We find an absence of any evidence that appellant carefully planned or prearranged to kill a person or persons during the course of this robbery. While there is sufficient evidence to support simple premeditation, we conclude as we did in Rogers v. State, 511 So.2d 526 (Fla. 1987), that there is insufficient evidence to support the heightened premeditation necessary to apply this aggravating circumstance.
Appellant does not take issue with the finding that four of the aggravating circumstances were proven beyond a reasonable doubt. Given these four remaining aggravating circumstances, and the one mitigating circumstance, we find the erroneous consideration of the aggravating circumstance that the murder was committed in a cold, calculated, and premeditated manner is not such a change under the circumstances of this sentencing proceeding that its elimination could possibly compromise the weighing process of either the jury or the judge. See Bassett v. State, 449 So.2d 803 (Fla. 1984); Brown v. State, 381 So.2d 690 (Fla. 1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981); Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979); Elledge v. State, 346 So.2d 998 (Fla. 1977).
For the reasons expressed, we affirm the death sentence.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.