*126 CORRECTED OPINION
PER CURIAM.
The plaintiff appeals from the trial court’s order granting the defendant’s motion for new trial. The plaintiff also appeals from the corrected final judgment reflecting the jury’s finding of comparative negligence. The defendant cross-appeals from the trial court’s refusal to direct a verdict in its favor at the close of the evidence and from the trial court’s order denying its motion for judgment in accordance with motion for directed verdict. We affirm in part, reverse in part, and remand with directions to enter judgment in accordance with this opinion.
In this products liability action, the jury returned a verdict awarding the plaintiff $2,000,000.00 and finding that the plaintiff’s husband was 60% comparatively negligent. The trial court entered judgment in favor of the plaintiff for $2,000,000.00. Later, on the defendant’s motion, the trial court entered a corrected judgment reflecting the jury’s finding of comparative negligence. Thereafter, the defendant filed several motions, including a motion for new trial and a motion for judgment in accordance with motion for directed verdict. The trial court granted the motion for new trial, but denied the motion for judgment in accordance with motion for directed verdict.
First, the plaintiff contends that the trial court clearly abused its discretion in granting the defendant’s motion for new trial. We agree.
The trial court’s order granting the defendant’s motion for new trial was based on nineteen distinct grounds. The order adopted the same grounds which were raised in the defendant’s motion. In review of each ground, we find that the stated grounds were either not error at all, not properly preserved for appellate review, see Dowd v. Star Mfg. Co., 385 So.2d 179 (Fla. 3d DCA), rev. denied, 392 So.2d 1373 (Fla.1980), or harmless error, see Thomas v. Lumbermens Mut. Casualty Co., 424 So.2d 36 (Fla. 3d DCA 1982). Accordingly, the trial court’s order granting the defendant’s motion for new trial is reversed.
Next, the plaintiff contends that the trial court erred in entering a corrected judgment reflecting the jury’s finding of comparative negligence. We disagree.
In strict liability actions, comparative negligence is not a defense if it is based on the user’s failure to discover the defect in the product or on the user’s failure to guard against the possibility of the existence of the defect. West v. Caterpillar Tractor Co. Inc., 336 So.2d 80, 90 (Fla. 1976); Tri-County Truss Co. v. Leonard, 467 So.2d 370 (Fla. 4th DCA), rev. denied, 476 So.2d 676 (Fla.1985). Comparative negligence, however, is a valid defense if the user of the product assumed the risk, misused the product, or failed to use ordinary due care. West, 336 So.2d at 90.
In the instant case, there was substantial competent evidence to support the jury’s determination that the plaintiff’s husband, Mr. Gonzalez, was comparatively negligent. Mr. Gonzalez was inspecting a laundry system which had ceased to operate. The system has a shuttle which continues to operate until the cycle finishes or until the shuttle is turned off at the control panel. The machine does not have any warning devices which would alert the user that the shuttle is still in operation. As Mr. Gonzalez was inspecting the system, his back was crushed as a result of the shuttle continuing to operate. Although there were no warning devices, Richard Henry, the mechanic responsible for maintaining the equipment, testified that he warned Mr. Gonzalez that the shuttle was still operating. Under the circumstances, there was testimony which showed that Mr. Gonzalez was aware of the defect, but “nevertheless [proceeded] unreasonably to make use of the product and [was] injured by it.” Id. Therefore, the trial court correctly amended the judgment to reflect the jury’s finding of comparative negligence.
Finally, the defendant’s contention raised on cross-appeal, that the trial court erred in failing to grant its motion for directed verdict or motion for judgment in accordance with motion for directed verdict, lacks merit. See Stirling v. Sapp, 229 So.2d 850 *127 (Fla.1969); Yanks v. Barnett, 563 So.2d 776 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 295 (Fla.1991).
Accordingly, we affirm in part, reverse in part and remand with directions to enter final judgment in accordance with this opinion.