685 So.2d 15 (1996)
CLEVELAND CLINIC FLORIDA, Appellant,
v.
Nancy WILSON and Kenneth E. Wilson, her husband, Appellees.
No. 95-0294.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
Rehearing and Certification Denied January 24, 1997.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, P.A., Fort Lauderdale, for appellant.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, Miami, and Grossman & Roth, P.A., Miami, for appellees.

EN BANC
WARNER, Judge.
In this appeal, the appellant claims that reversal is required because appellees' counsel made an improper golden rule argument to the jury. Appellant argues correctly that our case of Miku v. Olmen, 193 So.2d 17 (Fla. 4th DCA 1966), cert. denied, 201 So.2d 232 (Fla.1967), adopts a principle that golden rule argument is per se prejudicial and requires *16 a new trial. We have sua sponte considered this case en banc to recede from Miku to the extent that it applies a per se reversible error test to golden rule arguments. Instead, this court shall apply a harmless error test to consider the prejudicial effect of golden rule type arguments.
Other courts have applied the harmless error doctrine in considering golden rule arguments. For instance, in Dillard v. Choronzy, 584 So.2d 240 (Fla. 5th DCA), rev. dismissed, 587 So.2d 1328 (Fla.1991), the court said:
We also do not agree that counsel's remarks (taken in context) constituted a violation of the "Golden Rule" prohibition. Even if they did, they were not so egregious as to merit a new trial.
Id. at 241. In the criminal context, golden rule arguments are subject to the harmless error test. See Davis v. State, 604 So.2d 794 (Fla.1992); James v. State, 263 So.2d 284 (Fla. 2d DCA 1972); Clark v. State, 553 So.2d 240 (Fla. 3d DCA 1989); see also § 59.041, Fla. Stat. (1995) (providing that a judgment shall not be reversed unless it appears to the court that the error complained of resulted in a miscarriage of justice). We ourselves appear to have applied a harmless error test in at least one case. In Tri-County Truss Co. v. Leonard, 467 So.2d 370 (Fla. 4th DCA), rev. denied, 476 So.2d 676 (Fla.1985), we refused to reverse the trial court's denial of a new trial based on a golden rule argument, deferring to the superior vantage point of the trial court to evaluate the comment and its potentially harmful effect.
Our harmless error statute provides that no judgment will be reversed "unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice." § 59.041 (emphasis supplied). Application of a per se reversal rule is inconsistent with the harmless error statute, particularly as it applies to errors which appear in closing argument. Not every golden rule type argument is so prejudicial as to sway the jury from its dispassionate consideration of the case.
In the instant case when counsel made the objected to statement, the trial court sustained the objection but reserved ruling on a motion for mistrial until the end of the trial. On consideration of the issue on the motion for new trial, the trial court denied the same. Thus, the court either reconsidered its initial position or, more likely, in viewing the harmfulness of the objected to comment in light of all of the other comments, the trial as a whole, and the result, the trial court concluded that no harmful error was committed.
A ruling on a motion for new trial is a discretionary decision which will not be reversed absent a showing of abuse of discretion. Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla.1980). The reason for such discretion is that the trial court is in the best position to determine whether the claimed errors affected the result in the particular case.
From a consideration of the entire argument in the instant case by both plaintiffs and defendant, we cannot say that the trial court abused its discretion in denying the motion for new trial based on the objected to argument. We therefore affirm the final judgment.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, POLEN, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
I agree entirely with Judge Warner's opinion for the full court. Her analysis is my own. I write only to state a logical imperative of this analysis, not argued in this case but necessarily implicit in the view we take today about golden rule argument.
It seems to me that if a golden rule argument can be harmless, it may not have been error at all. If it did not affect the outcome, and the basis for prohibiting the argument is that it will affect the outcome, then it seems perfectly obvious to me that some arguments of this kind may not really be error.
*17 I will concede that I frankly do not understand a rule that condemns all golden rule arguments as error, that there are no circumstances in which it might be permissible to argue that notion to the jury. I understand even less what is so sensitive about the "financial" issue, i.e., money damages. The issue of damages does not seem any more sensitive to me than the issue of liability. Both are reposed in the jury to decide from the evidence and law.
A blanket condemnation of all golden rule arguments on the rationale used in this state denigrates the common sense of those who serve on juries. I do not believe that most jurors are so swept away by appeals to the golden ruleto the commonness of human nature and experiencethat they lose all control of their faculties and proceed to award verdict or money in spite of the facts and law. I would be prepared to allow some golden rule arguments, subject to the control of the judge on the scene to discern whether there is some palpable unfairness in the contention.
As that has not been asked in this case, I join in limiting our holding to the proposition that any error in a golden rule argument is subject to the legislature's command of harmless error analysis.