693 So.2d 1068 (1997)
Kenna GRUSHOFF, Appellant/Cross-Appellee,
v.
DENNY'S, INC. and T.W. Holdings, Inc., Appellees/Cross-Appellants.
No. 96-1414.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
*1069 Michael D. Gelety, Fort Lauderdale, for appellant/cross-appellee.
Neil Rose, North Bay Village, and Joel E. Bernstein of Bernstein & Chackman, P.A., Hollywood, for appellee/cross-appellant Denny's, Inc.
WARNER, Judge.
The trial court granted a new trial after the appellant's (plaintiff below) verdict in a personal injury suit on the basis that the appellant's attorney had made an improper golden rule argument. The trial court entered its order prior to the decision in Cleveland Clinic Florida v. Wilson, 685 So.2d 15 (Fla. 4th DCA 1996), in which we held that golden rule arguments are not per se reversible errors. Based on Cleveland Clinic, we reverse.
As Judge Altenbernd stated in Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996), "[t]he legal standard for trial courts to use in deciding motions for new trial based upon counsel's improper argument is whether the commentary was highly prejudicial and inflammatory." Id. at 585 (emphasis added). A golden rule argument is merely a type of argument branded prejudicial, but it may not always be so. In his concurring opinion in Cleveland Clinic, Judge Farmer noted:
It seems to me that if a golden rule argument can be harmless, it may not have been error at all. If it did not affect the outcome, and the basis for prohibiting the argument is that it will affect the outcome, then it seems perfectly obvious to me that some arguments of this kind may not really be error.
....
A blanket condemnation of all golden rule arguments on the rationale used in this state denigrates the common sense of those who serve on juries. I do not believe that most jurors are so swept away by appeals to the golden ruleto the commonness of human nature and experiencethat they lose all control of their faculties and proceed to award verdict or money in spite of the facts and law.
Cleveland Clinic, 685 So.2d at 16-17 (Farmer, J., concurring specially).
In the instant case, when he got to the issue of pain and suffering during closing argument, the appellant's attorney said, "[t]hey sawed off a piece of her bone, what's that worth? How much is it worth to you when you go to the dentist and he's going to do some work...." At that point, appellee's counsel objected and was sustained. Appellant's counsel apologized, stating the "you" was generic. He then restated the argument, saying "[i]s it worth, the people, when they go to the dentist and they have a little novocaine ..." to which the appellee also objected and was sustained and a motion for mistrial was made. The appellant's attorney then moved on to something else. Thus, the appellant's attorney was attempting only to establish the frequently used analogy that pain can be measured by how much is paid to avoid it in a dentist's chair. As such, while the argument may be calling upon the personal experience of the jurors in the dental chair, it is not asking them to place themselves in the position of the appellant to experience her pain.
For the use of one small "you," the trial court granted a new trial, as was appropriate under case law in this district prior to Cleveland Clinic. We have changed that law. The generic use of "you" which may have turned the statement into a golden rule argument was not a highly prejudicial and inflammatory argument. Even the trial court later on in the record expressed doubts about the order, which it had granted based upon the appellee's now incorrect assertion that golden rule arguments deserved a higher standard of review than other types of improper closing arguments.
Generally, isolated comments such as this do not harmfully infect a case. The question for the trial court to consider on golden rule arguments is the same as it is for any other allegedly improper argument: whether the comment was highly prejudicial and inflammatory. Under no construction of the closing argument in this case could this incomplete argument be considered highly prejudicial and inflammatory.
*1070 We reject appellee's contention that we should affirm the order granting new trial on grounds other than those set forth in the trial court's order. It is well settled that in reviewing an order granting a new trial, the appellate court may consider the sufficiency of only those grounds specified in the order. State Farm Mut. Auto. Ins. Co. v. Gage, 611 So.2d 39 (Fla. 4th DCA 1992). We likewise reject appellee's point on cross-appeal.
We therefore reverse and remand for reinstatement of the jury verdict.
STONE and SHAHOOD, JJ., concur.