826 So.2d 498 (2002)
Michelle SEHNAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3871.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
*499 Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We affirm defendant's conviction, commenting on an issue relating to closing argument, but reverse the sentence.
Defendant argues that the prosecutor made improper golden rule arguments in closing and that golden rule arguments are per se reversible error. In Cleveland Clinic Florida v. Wilson, 685 So.2d 15 (Fla. 4th DCA 1996), we held that such arguments are not per se error. See Grushoff v. Denny's Inc., 693 So.2d 1068 (Fla. 4th DCA 1997) (question for trial court to consider in determining whether golden rule argument, which refers to commonness of human nature and experience, warrants new trial is same as for any other allegedly improper argument; issue is whether comment was highly prejudicial and inflammatory). We have examined the context of the argument in question and do not find it to be improper, highly prejudicial or inflammatory. No error has been shown in this regard.
Addressing the sentence imposed, we begin by noting that defendant was convicted of (I) aggravated assault with a firearm, (II) aggravated assault, and (III) possession of a firearm by a convicted felon. At sentencing, the court lamented, "I, normally, wouldn't be inclined to impose as harsh a sentence in this case as the State is asking for. But I'm not sure that my hands are not tied by the statute, quite frankly." Thereupon, the court sentenced defendant to 38.25 months to run consecutively as to counts I and III, and time served on count II.
Section 775.087(2)(a)(1)(f) and (r) provides that convictions for aggravated assault or possession of a firearm by a felon require a minimum term of imprisonment of 3 years if the person possessed a firearm during the commission of the offense and regardless of whether the use of the weapon is an element of the felony.[1] Therefore, the trial court properly enhanced Sehnal's sentences to a 3-year minimum mandatory term for (I) aggravated *500 assault with a firearm and (III) possession of a firearm by a felon. See State v. Parker, 812 So.2d 495, 497 (Fla. 4th DCA 2002) (finding that "[a] trial court is required to impose a minimum three-year mandatory sentence for use of a firearm where the defendant is convicted of aggravated assault with a firearm."); Bass v. State, 739 So.2d 1243, 1246 (Fla. 5th DCA 1999) (stating that the imposition of the three-year minimum mandatory sentence for use of a firearm is required where defendant is convicted of aggravated assault with a firearm). Nevertheless we agree with defendant that the trial court was not compelled to make the sentences for counts I and III run consecutively. See Daniels v. State, 595 So.2d 952 (Fla. 1992) (once sentences for multiple crimes committed during single criminal episode have been enhanced, penalty cannot then be increased again by ordering that sentences run consecutively). We therefore reverse the sentences and remand for resentencing.
We affirm on the cross-appeal.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] See § 775.087(2), Fla. Stat. (2001).