906 So.2d 366 (2005)
BAKERY ASSOCIATES, LTD. et al., Appellants,
v.
Chantal RIGAUD and Robert Rigaud, her husband, Appellees.
No. 3D04-654.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Luks, Santaniello, Perez, Petrillo & Gold and Paul S. Jones, Orlando, and Jack D. Luks, Fort Lauderdale, for appellants.
Lauri Waldman Ross and Theresa L. Girten; Poses & Poses and Mark Poses, Miami, for appellees.
Before WELLS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
The defendants, Bakery Associates, Ltd., et al. (collectively referred to as "the *367 Mall"), appeal an order granting a motion for new trial in favor of the plaintiffs, Chantal Rigaud and Robert Rigaud, based on improper comments made during defense counsel's closing argument. We reverse.
Plaintiffs' counsel made several objections during defense counsel's closing statement arguing that the comments were improper. One objection was sustained and the jury was instructed to disregard defense counsel's comment. The other objections, however, were overruled. Following closing arguments, plaintiffs' counsel moved for a mistrial based on these allegedly improper comments. The trial court reserved ruling.
On Mrs. Rigaud's negligence claim, the jury returned its verdict awarding $10,000.00 in damages, finding that Mrs. Rigaud was 85% at fault and that the Mall was 15% at fault. The jury, however, found in favor of the Mall on Mr. Rigaud's claim for loss of consortium.
The plaintiffs filed a Motion for New Trial and Renewed Motion for Mistrial arguing that the allegedly improper comments were harmful and prejudicial. The trial court granted the motion for new trial.
The Mall contends that the trial court abused its discretion by granting the motion for new trial. We agree.
Improper comments made during closing argument will not serve as a basis for the granting of a new trial unless the improper comments are highly prejudicial and inflammatory. See Maksad v. Kaskel, 832 So.2d 788, 793 (Fla. 4th DCA 2002) ("Generally, a mistrial or new trial should be granted only when counsel's arguments are so inflammatory and prejudicial that they deny the opposing party a fair trial."); Leyva v. Samess, 732 So.2d 1118, 1121 (Fla. 4th DCA 1999) (holding that a motion for new trial based upon improper comments made during closing argument may only be granted when the comments are highly prejudicial and inflammatory); Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 585 (Fla. 2d DCA 1996) (disapproved of on other grounds by Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000))(holding that party moving for new trial based on improper comments made during closing argument must demonstrate that comments were highly prejudicial and inflammatory).
While defense counsel did make improper comments during closing argument, the record demonstrates that the comments were not highly prejudicial and inflammatory, and we conclude that the comments did not deprive the plaintiffs of a fair trial.
Reversed and remanded for entry of a final judgment in conformity with the jury's verdict.