LEVENSON, JEFFREY R., Associate Judge.
Joyce Drew appeals from a final judgment in a medical malpractice case in favor of St. Mary’s Hospital. The court below denied Drew’s motion for directed verdict on the issue of comparative negligence. The jury subsequently found Drew to be 70% comparatively negligent. Drew then filed a motion for new trial on the ground that the verdict was against the manifest weight of the evidence. The trial court denied the motion. We affirm, but write to discuss appellant’s contention that the trial court erred in denying her motion for directed verdict.
After being diagnosed with breast cancer and treated with a lumpectomy, Drew sought radiation treatment at Kaplan Cancer Center. Before starting treatment, Drew and her surgeon had a phone conference with Dr. Ann Lewis, a radiation oncologist, to discuss the course of treatment and the role the radiation would play in the reduction of possible cancer recurrences. During the conference call, Drew inquired as to whether transportation needed to be arranged after radiation treatment. She was informed that radiation did not affect one’s physical or mental functioning and that no arrangements were necessary at that time.
Upon arrival at Kaplan the following Monday, the doctors noted that Drew required an additional procedure to inflate a balloon previously inserted in her lumpectomy cavity. The radiation oncologist prescribed two milligrams of Ativan, an anti-anxiety drug, in order to help Drew relax. Ativan, a Class IV controlled substance, is typically used for sedation because of its tranquilizing effect on the central nervous system. The drug produces various side-effects in the user that vary based on the individual.
Shortly after the Ativan was ordered, nurse Lisa Shoemaker entered Drew’s room with it. Drew inquired as to whether she could drive home after taking the drug. During this time, Drew indicated her familiarity with medicine, noting she had a “background with meds” and that she had never seen an Ativan the size of the one presented to her. Further examination of Drew’s history reveals that she had been prescribed Ativan after the passing of her husband and was familiar with similar anti-anxiety medications. In response to Drew’s inquiry about her ability to drive, nurse Shoemaker replied that she could not tell Drew if she could drive and that she should, or could, ask Dr. Lewis.
Approximately an hour and twenty minutes after receiving Ativan, Drew found it necessary to leave the Kaplan facility. A nurse and radiation physicist consulted the treatment schedule and came to the conclusion that Drew would not begin radiation treatment until the next day and informed her that she could leave Kaplan and return the following day for the radiation treatment. The nurse, however, did not review Drew’s chart and was unaware of the Ativan. While driving home, Drew crashed her car into a tree in her neighborhood and suffered serious injuries. The emergency room noted that her accident was a result of the Ativan.
On appeal, Drew contends that her lack of medical aptitude precludes her from any allocation of negligence. Accordingly, she argues that the trial court erred in denying her motion for a directed verdict on the issue of comparative negligence. We disagree and hold that the court below did not err in denying the motion.
We review the trial court’s denial of Drew’s motion de novo. Dep’t of Children & Family Servs. v. Amora, 944 So.2d 431, 435 (Fla. 4th DCA 2006). “A motion for directed verdict should be granted only *1167 when the evidence viewed in the light most favorable to the non-moving party, shows that a jury could not reasonably differ as to the existence of a material fact and that the movant is entitled to judgment as a matter of law.” Id. Thus, “an appellate court must affirm the denial of a motion for directed verdict if any reasonable view of the evidence could sustain a verdict in favor of the non-moving party.” Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So.3d 247, 250 (Fla. 4th DCA 2009) (citing Amerifirst Fed. Sav. & Loan Ass’n v. Dutch Realty, Inc., 475 So.2d 970, 971 (Fla. 4th DCA 1985)).
Drew specifically argues that there can be no comparative negligence on her part because the hospital had not presented her with the proper information about driving while on Ativan. Comparative negligence “is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection.” Restatement (Second) of Torts § 463 (1965). In order to establish the defense of comparative negligence, a medical defendant must prove each of the following three elements of negligence: first, that the patient owed himself a duty of care; second, that the patient breached that duty; and, third, that the breach was the proximate cause of the damages the patient sustained. See Borenstein v. Raskin, 401 So.2d 884, 886 (Fla. 3d DCA 1981).
Contrary to Drew’s argument, courts have consistently recognized comparative negligence as a defense in cases where the plaintiff herself has knowledge of the danger that led to the injury, which requires the plaintiff to exercise adequate care for her own safety given the known danger. See, e.g., Langmead v. Admiral Cruises, Inc., 610 So.2d 565 (Fla. 3d DCA 1992) (comparative fault of employee was properly submitted to the jury where the employee admitted having knowledge that the elastic band which injured her had broken in the past, so the employee “did not exercise adequate care for her own safety); Gonzalez v. G.A. Braun, Inc., 608 So.2d 125 (Fla. 3d DCA 1992) (evidence supported finding that products liability plaintiff was negligent where he had knowledge of the product’s defects but continued to use it); Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985) (issue of comparative negligence was presented where customer who was knocked down by children in the store had observed the children running in the store and, therefore, had knowledge of the dangerous condition).
The question of whether or not anyone definitively told Drew that she could not drive home after taking the Ati-van is not dispositive of whether she bears an apportioned share of responsibility for her injuries. Rather, the critical question is whether, given the circumstances of this case, Drew exercised adequate care for her own safety when she took the medication and proceeded to drive home without awaiting clarification from Dr. Lewis as to the safety of driving on the drug. It is in this query that there is a reasonable question of Drew’s comparative negligence. Drew’s possible negligence was highlighted by her prior knowledge and experience regarding the effects of Ativan and her repeated outward suspicions that she might not be able to drive. Her experience with the drug, her judgment to drive without clarification from the doctor, and the information provided by nurse Shoemaker about the possible effects of anxiety medication certainly raise a comparative negligence question for the jury.
The type of negligence attributed to Drew in this case is that of ordinary negligence and not the type contributing to a worsened medical condition caused by *1168 medical staff with required expertise. Drew argues that a plaintiff in a medical malpractice case cannot be held comparatively negligent because patients are not held to the same standard of expertise as medical personnel. While this may be true, her negligence was the failure to use adequate care for her own safety; Drew, after taking the medicine, proceeded to drive home despite not obtaining an answer from Dr. Lewis as to whether it was safe or not.
Drew was aware of the possible dangers of taking an anti-anxiety medication and driving, and the comparative negligence question was properly submitted to the jury in order to determine her responsibility for the accident. On these facts, there was certainly a question whether her conduct was reasonable based on her knowledge and experience. The jury determined that it was not, and the evidence supports that finding.
Accordingly, we affirm the judgment entered below.
TAYLOR, J., concurs.
FARMER, J., dissents with opinion.