# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D22-1190
LT Case No. 2015-CA-000533
_____

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Appellant,

     v.

CORA MATTHEWS,

     Appellee.

_____

On appeal from the Circuit Court for Flagler County.
Christopher A. France, Judge.

Warren B. Kwavnick, of The Law Office of Warren B. Kwavnick,
PLLC, Pembroke Pines, and Thomas L. Hunker and Virginia A.
Paxton, of Hunker Paxton Appeals & Trials, Fort Lauderdale, for
Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellee.

January 19, 2024

ON MOTION FOR REHEARING

JAY, J.

     We deny the motion for rehearing. However, to clarify one
matter, we withdraw our previous opinion and substitute the

following in its place.

State Farm Mutual Automobile Insurance Company ("State Farm") challenges the trial court's denial of its motion for a new trial. State Farm's motion was based on remarks made by counsel for Cora Matthews during rebuttal closing argument. Because we hold that counsel's remarks were not so highly prejudicial and inflammatory as to deny State Farm's right to a fair trial, we affirm the trial court's ruling.

I.

Ten years ago, Matthews was involved in a car accident with an uninsured driver in Palm Coast. Matthews was insured by State Farm, and her policy included uninsured motorist coverage. Matthews alleged that the accident permanently injured her. State Farm disputed that allegation. Matthews sued State Farm.

A week-long jury trial followed. In his opening statement, counsel for State Farm claimed the evidence would show that Matthews' medical providers were financially interested in the trial's outcome, and therefore, were unreliable witnesses. Throughout the trial, State Farm tried to convince the jury of this alleged fact.

Mid-trial, the parties disagreed about the admissibility of certain medical bills. The trial court concluded the bills were inadmissible. The day before closing arguments, Matthews withdrew her claim for past medical expenses.

In his closing argument, counsel for State Farm noted that Matthews was not pursuing past medical expenses. He went on to argue that Matthews' case depended on testimony from financially self-interested medical witnesses. In making this claim, he averred that Matthews "should be able to come in here and present you testimony from doctors that don't have a dog in the hunt."

During his rebuttal closing, counsel for Matthews made the argument that is now the subject of this single-issue appeal. The relevant passage of the trial transcript reads:

[MR. MORAN, for Matthews]: So State Farm's attorney was up here and talked about that there's this letter of protection or this lien with Advantacare, and, therefore, they are biased because they have an interest in the outcome of the case. How do they have an interest in the outcome of the case? They don't have an interest in the outcome of the case. Cora Matthews is not making a claim for the past medical bills in this case. So how could it conceivably be argued that Dr. Sandborn or anybody from Advantacare has an interest in the outcome of the case? Because regardless of what your award is –

MR. GOBEL [for State Farm]: Objection. Improper argument.

THE COURT: Overruled.

MR. MORAN: Regardless of what the outcome of the case is, they have no dog in this fight. Advantacare has no dog in this fight.

And while we are on this discussion –

MR. GOBEL: May we approach?

(The following discussion was held at sidebar out of the presence of the Jury:)

MR. GOBEL: Your Honor, we would object. The Plaintiff didn't waive past medical bills until yesterday, so up until yesterday, Advantacare had a lien and they still have a lien from the proceeds of this case, so because the Plaintiff waived past medical [expenses] yesterday, they did have a dog in the fight, at least until yesterday. We object. That's misleading. We would request a curative instruction on that.

MR. MORAN: Your Honor, that's absolutely not misleading to the jury. I'm merely pointing out that there is no claim for past medical bills, so, therefore, there can be no argument at all that there's any bias for Dr.

3

Sandborn or Advantacare.

THE COURT: The objection is overruled. This motion is denied. Move on.

The jury found that Matthews suffered a permanent injury in the accident. State Farm moved for a new trial. Its motion claimed that "[i]n one statement, Plaintiff's counsel effectively eviscerated [State Farm's] theme of the entire case," which was "the bias and credibility of Plaintiff's expert medical witnesses." State Farm maintained that counsel's "one tremendously impactful and misleading statement" about having "no dog in this fight" was "alone" enough to justify a new trial because it made the jurors think that State Farm misled them about the alleged financial interests of Matthews' witnesses.

The trial court denied State Farm's motion. State Farm contends this was reversible error. We disagree.

II.

When ruling on a motion for new trial, the trial court has broad discretion. *See Cloud v. Fallis*, 110 So. 2d 669, 673 (Fla. 1959). In "analyzing whether a trial court abused [this] discretion . . . appellate courts traditionally defer to the superior vantage point enjoyed by the trial court." *Olsen v. Philip Morris USA, Inc.*, 343 So. 3d 172, 174 (Fla. 3d DCA 2022). This means that a trial court's ruling on a motion for new trial will not be "*lightly . . . disturbed.*" *Fla. Coastal Theatres v. Belflower*, 32 So. 2d 738, 747 (Fla. 1947) (emphasis added).

"The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from th[at] evidence." *Bertolotti v. State*, 476 So. 2d 130, 134 (Fla. 1985). The law affords counsel "wide latitude" in completing this task. *Merck v. State*, 975 So. 2d 1054, 1061 (Fla. 2007). Thus, "an attorney is allowed to argue reasonable inferences from the evidence and to argue [the] credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254–55 (Fla. 2006).

4

Counsel breaches this wide latitude when he makes arguments designed to "inflame the minds and passions of the jurors so that their verdict reflects an emotional response . . . rather than the logical analysis of the evidence in light of the applicable law." *Bertolotti*, 476 So. 2d at 134; *see also Rodriguez v. State*, 210 So. 3d 750, 756 (Fla. 5th DCA 2017) (noting that unfair prejudice occurs when a lawyer's improper comments "poison the minds of the jurors" (quoting *Gonzalez v. State*, 786 So. 2d 559, 567 (Fla. 2001))). Consistent with this principle, when a motion for new trial is based on counsel's allegedly improper closing argument, the moving party must show that the argument was "so highly prejudicial and inflammatory that it denied the [moving party's] right to a fair trial." *Domino's Pizza, LLC v. Wiederhold*, 248 So. 3d 212, 223 (Fla. 5th DCA 2018) (quoting *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1271 (Fla. 2006)); *see also Lazaroff v. Meek*, 361 So. 3d 415, 416 (Fla. 5th DCA 2023) (providing that "to warrant the grant of a new trial," the improper argument's impact "must be so prejudicial as to vitiate the entire trial").

Here, State Farm persuasively argues that Matthews' counsel's remarks were misleading. Counsel's response to State Farm's objection was that Matthews withdrew her claim for past medical expenses. However, that withdrawal did not occur until the day before closing arguments. This means that to whatever extent any witnesses had a financial bias because of the past medical expenses, such a bias would not have dissipated until shortly before closing arguments.

But State Farm's position collapses on the next question, which is whether the "no dog in this fight" argument was "so highly prejudicial and inflammatory" that it deprived State Farm of a fair trial. There is no possibility* that counsel's remarks rose to this level. *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla.

---

\* State Farm's rehearing motion alleges that we neglected to apply the correct harmless error test. To be clear, we hold there is *no* possibility—reasonable or otherwise—that counsel's remarks, or the trial court's ruling on State Farm's objection, contributed to the jury's verdict. Thus, any purported error was harmless beyond a reasonable doubt.

5

2014) (holding that an error is harmless in a civil case when "there is no reasonable possibility that the error contributed to the verdict").

State Farm makes much of its many efforts to portray Matthews' witnesses as financially biased. Indeed, State Farm argues that "[f]rom inception to the end of trial, State Farm strongly emphasized the financial biases of Plaintiff's treating doctors, Dr. Vassilakis, Dr. Sandborn, and Dr. Brown, and Plaintiff's experts, Dr. Frisk and Dr. Boehme, and questioned the reliability of the records created by the treating doctors." It further contends that it used portions of its closing argument to reiterate that "the testimonies of Plaintiff's treating doctors and experts, along with the records created by the treating doctors[,] were questionable." In sum, as State Farm admits, the jurors heard "over and over" about the purported financial biases of Matthews' medical witnesses.

Despite this week-long assault, State Farm asserts that a single argument from Matthews' counsel "destroyed State Farm's financial bias theme." State Farm's view—which holds that in one fell swoop, Matthews' counsel successfully undid everything that State Farm had been doing for the entire trial—simply gives Matthews' counsel too much credit. As Judge Farmer noted in *Cleveland Clinic Florida v. Wilson*, 685 So. 2d 15, 17 (Fla. 4th DCA 1996) (Farmer, J., concurring specially), most jurors are not "so swept away by" counsel's arguments "that they lose all control of their faculties and proceed to award verdict or money in spite of the facts and law." Instead, there is a presumption that jurors follow the court's instructions. *See Nolan v. Kalbfleisch*, 369 So. 3d 346, 347 (Fla. 5th DCA 2023).

Here, counsel for Matthews only referenced Dr. Sandborn and Advantacare. He said nothing about Matthews' other experts or care providers. Thus, the suggestion that counsel's argument "obliterated" all of "State Farm's bias and credibility arguments" is baseless.

Equally important, improper comments do not merit a new trial when they fail the "highly prejudicial and inflammatory" test. *Bakery Assocs., Ltd. v. Rigaud*, 906 So. 2d 366, 367 (Fla. 3d DCA

6

2005). Isolated comments rarely meet this standard. *See Grushoff v. Denny's, Inc.*, 693 So. 2d 1068, 1069 (Fla. 4th DCA 1997) (observing that in general, isolated comments "do not harmfully infect a case"); *see, e.g.*, *Araujo v. Winn-Dixie Stores, Inc.*, 290 So. 3d 936, 938 (Fla. 3d DCA 2019) (holding that defense counsel's opening statement about the plaintiff's doctors not getting paid unless the plaintiff recovered damages at trial was "not so inflammatory and prejudicial" that it vitiated the fairness of a four-day trial); *Rosario-Paredes v. J.C. Wrecker Serv.*, 975 So. 2d 1205, 1207–08 (Fla. 5th DCA 2008) (holding that defense counsel's allegation that the plaintiff's medical experts "do an amazing job of trying to convince people" of the existence of injuries, which is why the plaintiff's law firm hired such doctors "over and over" through "a network of lawyers and doctors" where "everybody is making money," while improper, was "isolated" and "did not rise to the level that deprived" the plaintiff of a fair trial); *see also State Farm Mut. Auto. Ins. Co. v. Medina*, 300 So. 3d 177, 180–81 (Fla. 4th DCA 2020) (holding that an "isolated comment" by a defense witness about how his views were not based on money, which the witness suggested was not true of plaintiff's counsel, was not so highly prejudicial and inflammatory that it denied the plaintiff a fair trial).

These cases stand in contrast to those where a new trial was required because counsel's repeated inflammatory comments—embedded with derogatory themes—sought to induce a jury verdict on an improper basis. *See, e.g.*, *R.J. Reynolds Tobacco Co. v. Robinson*, 216 So. 3d 674, 683 (Fla. 1st DCA 2017) (holding that in a case where the record was "replete with improper arguments and comments clearly intended to stir the passions of the jury," a new trial was needed because plaintiff's counsel sought to "utterly vilify" the defendant by characterizing it *"as an unrepentant, anti-military, criminal predator, whom the jury must fight and destroy"* (emphasis added) (footnotes omitted)); *Venning v. Roe*, 616 So. 2d 604, 604–05 (Fla. 2d DCA 1993) (holding that defense counsel's comments were "highly prejudicial and inflammatory" and required a new trial in a case where "defense counsel made several derogatory remarks," such as that "plaintiff's medical expert was 'nothing more than an unqualified doctor who prostitutes himself,'" and that plaintiff's lawyer presented "'a work of fiction' which he 'created and orchestrated' with the assistance of

7

plaintiff's medical expert").

The remarks in this case plainly fall into the first category rather than the second. Even if the comments were misleading, they were isolated amid a lengthy trial and were not designed to inflame the jurors' minds or obtain a verdict based on emotion. Thus, State Farm's contention that counsel's remarks "obliterated" and "completely destroyed" the theme of State Farm's case—which State Farm acknowledges it had advanced for over a week—falls far short.

### III.

On this record, the trial court did not abuse its broad discretion by denying State Farm's motion for a new trial, which failed to show that Matthews' counsel's argument was so highly prejudicial and inflammatory that it deprived State Farm of its right to a fair trial. *See Lazaroff*, 361 So. 3d at 416; *Bakery Assocs., Ltd.*, 906 So. 2d at 367.

AFFIRMED.

BOATWRIGHT and MACIVER, JJ., concur.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––