# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1673
LT Case No. 2021-CA-000108

_____

HANNAH SINCLAIR SLOAN,

    Appellant,

    v.

VALERIE FISHER,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Eric C. Roberson, Judge.

Paulo R. Lima, of Russo Appellate Firm, P.A., Miami, and Eric S. Shubow, of Cole Scott Kissane, P.A. Jacksonville, for Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellee.


June 21, 2024

SOUD, J.

    Appellant Hannah Sinclair Sloan appeals the trial court's order granting Appellee Valerie Fisher a new trial following a jury verdict in Sloan's favor. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand for entry of final judgment in Sloan's favor because—while the trial court was correct in its determination that defense counsel's comments during closing arguments were improper—the

comments do not rise to the level necessitating or permitting a new trial.

I.

Fisher filed suit against Sloan claiming damages for injuries Fisher alleged she sustained in a car accident caused by Sloan's negligence. Sloan contested liability. At the end of a five-day trial, the jury returned a verdict in favor of Sloan.

Pertinent here, during closing arguments, defense counsel made certain statements Fisher argues warrant a new trial. Among the statements argued to be improper, defense counsel argued to the jury:

> I'll be honest with you, the **plaintiff is hoping that maybe you'll not follow the law**, and maybe put 5 percent or 10 percent [comparative fault on Sloan].

Fisher's counsel objected. The court sustained the objection and instructed the jury they were not to consider this argument.

Sloan's counsel also argued to the jury the framed distinction between a "medical case" and a "legal case," the goals of which are "completely different."

> On the one hand, the goal in the medical path is to try and have the patient recover as quickly as possible, as fully as possible, and as cheaply as possible so that they can get on with their life.
>
> The goal in a legal case is to paint a picture that will hopefully lead a jury to award substantial amounts of money for pain and suffering and damages.
>
> . . . .
>
> For the legal path, it's really better if the treatment goes on and on and on, preferably for the entire rest of their life. And it's also better if none of the injuries ever get any better. The longer the

2

treatment lasts, the higher the bills, the more you can ask a jury to award.

To be honest, the better the job is on the medical side, the worse it is for the legal side. And you can quickly see where one goes one way and one goes another, even though they start at the exact same point.

Fisher's counsel did not object to this portion of defense counsel's closing. Defense counsel continued to argue that the case before the jury was "clearly . . . a legal case."

While arguing to the jury that just one medication accounted for approximately $1.1 million in damages sought for future medical care, defense counsel stated:

They say that the figures don't lie, figures do whatever—but wow, those are pretty much **smoke and mirror** to get to those—

Fisher's counsel immediately objected to the "smoke and mirror" reference. The trial court sustained the objection, instructed the jury to disregard the comment and cautioned defense counsel by saying, "That's the second time. No more." Defense counsel apologized to the court and acknowledged the court's admonition.

Importantly, when the trial court correctly sustained the objections of plaintiff's counsel to the two statements above and gave the curative instructions, Fisher did not at any point move for a mistrial.

Post trial, Fisher's counsel moved for a new trial, arguing, *inter alia*, that the jury's verdict was: (1) against the manifest weight of the evidence; and (2) the result of defense counsel's fundamentally improper "intentional misstatements of law and intentional comments." After hearing argument, the court orally denied Fisher's argument that the verdict was against the manifest weight of the evidence, stating there was "certainly plenty" of evidence to support a reasonable jury's verdict of no liability on the part of Sloan. However, the trial court subsequently entered its written order granting a new trial, finding defense

3

counsel's comments during closing argument were "patently improper" and warranted a new trial under Florida law because they suggested that Fisher, her counsel, and her witnesses were "falsifying the case or evidence for financial gain."

This appeal followed.

## II.

We review the trial court's order granting a new trial for abuse of discretion. *See R & W Rental Props., LLC v. Warnick*, 277 So. 3d 1099, 1101 (Fla. 5th DCA 2019). A trial court has broad discretion in ruling on a motion for new trial because "appellate courts traditionally defer to the superior vantage point enjoyed by the trial court." *See State Farm Mut. Auto. Ins. Co. v. Matthews*, 377 So. 3d 1235, 1237 (Fla. 5th DCA 2024).

However, because the improper comments by Sloan's counsel were not preserved by both a contemporaneous objection and timely motion for mistrial, the trial court could only grant a new trial in this case if the improper comments rose to the level of fundamental error. *See Murphy v. Int'l Robotic Sys., Inc.*, 766 So. 2d 1010, 1028–1031 (Fla. 2000). While *Murphy* addressed unobjected-to comments, in *Companioni v. City of Tampa*, 51 So. 3d 452, 456 (Fla. 2010), the Florida Supreme Court extended the *Murphy* fundamental error analysis to objected-to improper comments. When the trial court sustains an objection to an improper statement of counsel, the objecting party "must also timely move for a mistrial in order to preserve the issue for a trial court's review of a motion for a new trial. If the issue is not preserved in this manner, then the conduct is subject to fundamental error analysis under this Court's opinion in *Murphy*." *Companioni*, 51 So. 3d at 456; *see also Orange County v. Ferguson*, 290 So. 3d 1031, 1034 (Fla. 5th DCA 2020) ("Critical to our analysis, however, . . . [the plaintiff] never moved for a mistrial. As a result, defense counsel's misconduct was subject to a fundamental error analysis pursuant to the standard set forth in [*Murphy*].").

In this context, to warrant a new trial, *Murphy* and *Companioni* require an aggrieved party to show that the statements complained of were "improper, harmful, incurable, and

4

so damaged the fairness of the trial that the public's interest in our system of justice requires a new trial." *See Murphy*, 766 So. 2d at 1031. Thus, under *Murphy*, a party requesting a new trial because of unpreserved improper arguments must first establish the comments are, in fact, improper. *See id.* at 1028. If impropriety is shown, the comments must be "harmful"—that is, the comments must "be so highly prejudicial and of such collective impact as to gravely impair a fair consideration and determination of the case by the jury" and "of such a nature that [they reach] into the validity of the trial itself to the extent that the verdict reached could not have been obtained but for such comments." *Id.* at 1029–30. If the improper comments cause this heightened harm contemplated by *Murphy*, they must be "incurable" such that "even if the trial court had sustained a timely objection to the improper argument and instructed the jury to disregard the improper argument, such curative measures could not have eliminated the probability that the unobjected-to argument resulted in an improper verdict." *Id.* at 1030. Finally, if improper comments are both harmful and incurable, the comments must have "so damaged the fairness of the trial that the public's interest in our system of justice requires a new trial." *Id.*

These substantial and crescendoing criteria required for relief create a high and steep mountain for a movant to climb. As the Florida Supreme Court made clear in *Murphy*, "Although we have not absolutely 'closed the door' on appellate review of unpreserved challenges to closing argument, we have come as close to doing so as we believe consistent with notions of due process which deserve public trust in the judicial system." *Id.* at 1031; *see also Orange County*, 290 So. 3d at 1035 (quoting *Murphy*).

In the case *sub judice*, the trial court properly concluded that the statements complained of by Fisher were improper. Closing arguments are presented to help the jury properly understand the issues by "applying the evidence to the law applicable to the case." *Murphy*, 766 So. 2d at 1028 (quoting *Hill v. State,* 515 So. 2d 176, 178 (Fla. 1987)). And while counsel are rightly afforded "great latitude" during closing arguments, *see id.*, the arguments must be confined to the facts and evidence presented during trial and the reasonable and logical inferences born therefrom. *See id.*; *see also* R. Regulating Fla. Bar 4-3.4(e).

5

Here, defense counsel argued to the jury that Fisher hoped the jury would not follow the law and that her counsel deployed "smoke and mirror[s]" in presenting her future economic damages claim to the jury. By doing so, counsel's comments deliberately strayed to assigning ulterior and potentially unethical motives to Fisher or her counsel with no clear evidentiary basis. As a result, these comments traveled far outside the bounds of propriety.

However, while the comments were undeniably improper, they do not satisfy any other of the remaining requirements of *Murphy*. On the record before us, we simply cannot conclude that the improper comments rose to the level of harm required by *Murphy* by gravely impairing the fair consideration and determination of the case to the extent that the verdict could not have been obtained but for the improper comments. These "[p]assing remarks" were of "little consequence in the scope of a lengthy [five-day] trial," *see Murphy*, 766 So. 2d at 1029–30, in which liability was, as the trial court noted, "hotly contested." As Judge Jay recently wrote for our Court, "[M]ost jurors are not 'so swept away by' counsel's arguments 'that they lose all control of their faculties and proceed to award verdict or money in spite of the facts and law.'" *Matthews*, 377 So. 3d at 1239 (quoting *Cleveland Clinic Fla. v. Wilson*, 685 So. 2d 15, 17 (Fla. 4th DCA 1996) (Farmer, J., concurring specially)).

The improper comments, individually and viewed cumulatively, are not of such force that the verdict could not have been obtained "but for" the comments. As the trial court noted in rejecting Fisher's argument that the verdict was against the manifest weight of the evidence, the record before us makes clear there was "certainly plenty" of evidence permitting the jury's verdict in favor of Sloan. The verdict cannot find sufficient evidentiary support in the record and at the same time be unobtainable but for the improper comments of counsel.

Further, two of the improper comments were immediately met by the trial court rightly sustaining Fisher's objection, an instruction to the jury that it disregard the comments, and after the second sustained objection, admonishment of counsel in the presence of the jury. As there exists in Florida law a presumption that jurors follow the court's instructions, *see id.* (citing *Nolan v.*

*Kalbfleisch*, 369 So. 3d 346, 347 (Fla. 5th DCA 2023)), the curative instructions and admonishment of counsel lessened the harm and cured any potentially pernicious effect of the improper statements.

In light of the sustained objections, curative instructions, and admonishment of counsel, the effect of the improper comments falls short of fundamental error. The comments did not "so damage[ ] the fairness of the trial that the public's interest in our system of justice requires a new trial." *See Murphy*, 766 So. 2d at 1030. These comments share no similarity to the extreme examples of improper comments described in *Murphy* that would necessitate a new trial. *See id.*

### III.

Accordingly, as the improper comments do not constitute fundamental error as required in *Murphy* and *Companioni*, the order granting new trial is REVERSED and this cause REMANDED to the trial court for reinstatement of the jury's verdict and entry of final judgment in favor of Appellant Hannah Sinclair Sloan, and for further matters not inconsistent with this Court's opinion.

It is so ordered.

EDWARDS, C.J., and MAKAR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

7